WASHINGTON PAUL BAYLOR v. H. LEE BROWN AND DOROTHY MITCHELL BROWN

No. 7926SC706

(Filed 20 May 1980)

**Rules of Civil Procedure § 60— failure to defend action—no showing of extraordinary circumstances—setting aside of default improper**

In an action by plaintiff to recover his automobile, tools of his trade and other personal possessions which defendants were allegedly withholding, the trial court erred in entering an order setting aside entry of default judgment and allowing defendants twenty days in which to file answer, since there was no showing of extraordinary circumstances where defendant's attorney withdrew before filing answer because he could not reach a financial agreement with defendants; the Legal Aid Society, which was representing plaintiff, was informed that defendants' attorney was withdrawing; the Legal Aid Society could not be held responsible for defendants' inability to hire counsel; there was no evidence that plaintiff practiced or attempted to practice any fraud, deceit, misrepresentation, or duress upon defendants; defendants invested $3000 in their business during the period of time this action was pending; and defendants made a free choice to take the risk of not defending the action against them and to use the $3000 for another purpose other than defending the action in question.

APPEAL by plaintiff from *Snepp, Judge*. Order entered 26 February 1979 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 8 February 1980.

In this civil action, the complaint was filed on 6 April 1978, and a default judgment awarding the amount of $14,121 plus attorney fees was entered 30 June 1978. On 26 February 1979, the trial court entered an order pursuant to Rule 60(b)(6) of the Rules of Civil Procedure setting aside the judgment. Plaintiff appealed.

*Legal Services of Southern Piedmont, Inc., by Leslie J. Winner and Lark Hayes, for plaintiff appellant.*

*Craighill, Rendleman, Clarkson, Ingle & Blythe, by Francis O. Clarkson, Jr., and William B. Webb, Jr., for defendant appellees.*

ERWIN, Judge.

## History of Case

On 6 April 1978, plaintiff filed his complaint and motion for preliminary relief against defendants, husband and wife, for the return of his automobile, tools of his trade, and other personal possessions which defendants were withholding. Plaintiff also sought damages in the amount of $14,050 arising from malicious prosecution, abuse of process, trespass to his car and the possessions therein, breach of contract, and conversion. He also sought punitive damages in the amount of $10,000. Plaintiff prayed for treble the amount of actual damages awarded on grounds that defendants' actions constituted an unfair and deceptive trade practice. *See* G.S. 75-1.1 *et seq.*

Plaintiff alleged that on 20 December 1977, he entered into an oral agreement with defendant H. Lee Brown to purchase a 1973 Ford from defendant's wife, Dorothy. Under the terms of this agreement, plaintiff would assume payments on a loan made to Dorothy when she purchased the car. At the time the agreement was made, plaintiff had possession of the car with the permission of defendants. Pursuant to the agreement, plaintiff retained possession and made loan payments in December 1977 and January 1978.

The oral agreement was reduced to writing which gave plaintiff permission to possess and operate the car and to succeed to ownership upon payment of the loan. The agreement contained the following language, *inter alia*:

> "That the permission of H. Lee Brown for the said Paul Baylor to possess and operate the vehicle may be terminated and revoked at any time at the option of H. Lee Brown, at which time H. Lee Brown may succeed to and take possession of the automobile and in the interest or right to possession of the said Paul Baylor shall thereupon immediately terminate."

Plaintiff alleged that at the time the agreement was signed, the parties agreed that H. Lee Brown could repossess the automobile only if plaintiff did not make the payments as agreed.

Prior to 1 February 1978, plaintiff drove the car to Florida, where he was arrested and jailed for five days on a fugitive warrant based on a North Carolina charge of auto larceny. This arrest resulted from the defendants' report to the Mecklenburg County Police Department on 30 January 1978 that plaintiff had stolen the car. At the time plaintiff was arrested, the car and his possessions therein, including his tools, were impounded. After release from jail, plaintiff returned to Charlotte without his car or other personal property. On 6 March 1978, plaintiff appeared in District Court, Mecklenburg County for the probable cause hearing on the automobile larceny charge. Defendants failed to appear, and the charge was dismissed.

After plaintiff's arrest, he made repeated unsuccessful requests to defendant Dorothy Brown to return the car and other property found in the car. On 6 April 1978, the Superior Court heard plaintiff's motion for injunctive relief and thereafter entered an order making findings of fact as alleged in the complaint and ordered the defendants to show cause why the car and possessions should not be returned to plaintiff. On 24 April 1978, a consent order was entered providing that the car and possessions of plaintiff be returned to him, and plaintiff was to continue making payments under the prior agreement.

After this order was signed, defendants' attorney met with them and informed them in a letter dated 12 May 1978 that, in his opinion, it would cost between $1,500 to $2,500 to represent them in this case. He requested $500 as a down payment and would have required an additional $1,500 to be paid to him within one month in order to further represent defendants.

On 19 May 1978, plaintiff's counsel, Legal Aid, wrote defendants' attorney that if an answer was not filed by 23 May 1978, an entry of default would be sought. On the same day, defendants' attorney wrote Legal Aid, informing them that defendants were unable to pay his legal fee and that they planned to find another attorney in a week. Legal Aid wrote defendants, notifying them that if their answer was not filed or an attorney did not contact them by 26 May 1978, they would apply for an entry of default.

Baylor v. Brown

Defendants' counsel advised them that he was going to withdraw as counsel on 22 May 1978. By letter, defendants were advised by counsel as follows:

"May I again express to you the urgency in obtaining an attorney immediately and filing an Answer to the Complaint. The time for filing an Answer expired May 10, 1978, so your attorney will need to obtain permission from the attorneys representing Baylor to file a late Answer. As I stated to you during our telephone conversation, if an Answer is not filed immediately a judgment by default will be entered against you for the amount prayed for in the Complaint."

On 26 May 1978, plaintiff moved for entry of default and served defendants with a copy of said motion. On 5 June 1978, Attorney Hulse wrote defendants and suggested that they employ an attorney to get the judgment set aside. He warned them that if they failed to do so, the sheriff would execute on the judgment. On 20 June 1978, defendants were notified of a hearing to determine the amount of damages and whether the judgment by default was appropriate.

On 26 June 1978, the hearing on said default judgment was held. Defendants did not appear. Judgment was entered for plaintiff against defendants in part as follows:

"1. Defendants are jointly and severally liable to plaintiff in the amount of $14,121.00. This amount is three times his actual damages of $4,707.00.

2. Defendants are jointly and severally liable to Legal Services of Southern Piedmont, Inc., in the amount of $1612.50 as attorneys' fees."

### Events Following Judgment

On 27 November 1978, an execution of judgment was returned wholly unsatisfied. On 22 December 1978, plaintiff filed a Motion in Supplemental Proceedings, requesting the court to order defendants to appear and answer any questions concerning their property. The motion was granted, and defendants appeared and answered questions.

On 26 January 1979, defendants, through their newly retained counsel, moved for relief of judgment pursuant to G.S. 1A-1, Rule 60(b), of the Rules of Civil Procedure. Therein, they alleged that they are not engaged in the business of selling new or used automobiles; that after entering into the written agreement concerning purchase of the car, the parties agreed that the car would remain within the state, and that its removal therefrom would be cause for repossession; that at the probable cause hearing on the larceny, defendant Dorothy Brown appeared after the charge was dismissed due to a misunderstanding with an attorney who was to accompany her; that after the complaint against them was filed, defendants were financially unable to keep Attorney Hulse; and that they never requested Legal Aid to help them since plaintiff was being represented by them in this case.

### Evidence Presented on Rule 60(b)(6) Motion

Defendant Lee Brown testified that he had an income of $500 to $600 per month; that on 10 May 1978, he received a check for $3,000 from his wife's father as a loan and his household furniture was used as collateral; that he paid his present attorney a $500 retainer; that he has been in court before on domestic matters; and that he currently has a suit pending against another individual. This defendant admitted that he never called Legal Aid to ask for an extension of time to file an answer or to notify them that he did not have an attorney. In an affidavit filed, this defendant (Lee Brown) stated that during April and May 1978, his sole source of income was $1,004.21 from his business and that he does not own an automobile or any real property.

Defendant Dorothy Brown testified and presented an affidavit to the effect that her take home pay for April and May 1978 was $1,119.10; that both defendants' expenses during that period was $2,291; and that she pays $125 per month to her mother for one of her children.

An investigator for the Mecklenburg County Police Department testified that H. Lee Brown told him that plaintiff had been told to take the car to an insurance adjuster and had not returned, and that he believed that Baylor had taken the car to Florida. The investigator further testified that H. Lee Brown showed a great deal of hostility toward Baylor and never told him

anything about the agreement between the parties concerning purchase of the car.

## Judgment

The trial court entered an order setting aside the entry of default judgment pursuant to G.S. 1A-1, Rule 60(b)(6), of the Rules of Civil Procedure and allowed defendants 20 days in which to file answer.

The court concluded as a matter of law as follows:

"1. That the Defendants have a meritorious defense to each and every allegation against them in the complaint.

2. That under the circumstances of this case, the ends of justice would be served by allowing the Defendants' motion to set aside the entry of default and judgment by default, and to have their liability, if any, determined by a jury."

## Question Presented

Plaintiff's first question for our determination is: "Do the trial court's findings of fact, together with the other uncontroverted matters of record, establish sufficiently extraordinary circumstances to justify setting aside the default judgment pursuant to G.S. § 1A-1, Rule 60(b)(6)?" For the reasons that follow, we answer, "No," and vacate the judgment entered.

Rule 60(b)(6) of the Rules of Civil Procedure provides in part:

"(b) *Mistakes; inadvertence; excusable neglect; newly discovered evidence; fraud, etc.* — On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:

\* \* \*

(6) Any other reason justifying relief from the operation of the judgment."

"North Carolina Rule 60(b), including all six grounds listed therein, has been taken literally from Federal Rule 60(b), except that the last sentence of Federal Rule 60(b) provides for the abolishment of the writs of coram nobis, coram vobis, audita

querela and bills of review, which the North Carolina Rule does not." W. Shuford, N.C. Civil Practice and Procedure, § 60-1 (1975). The nearly identical provisions of our Rule 60(b) and Federal Rule 60(b) point to the federal decisions for interpretation and enlightenment. *Wiggins v. Bunch*, 280 N.C. 106, 184 S.E. 2d 879 (1971). Federal courts hold that Rule 60(b)(6) is a grand reservoir of equitable power to do justice in a particular case when relief is not warranted by the preceding clauses of the rule. *Menier v. United States*, 405 F. 2d 245 (5th Cir. 1968). *See Bros. Inc. v. W. E. Grace Mfg. Co.*, 320 F. 2d 594 (5th Cir. 1963). Judge Vaughn stated for this Court in *Equipment Co. v. Albertson*, 35 N.C. App. 144, 147, 240 S.E. 2d 499, 501-02 (1978):

> "Courts have the power to vacate judgments when such action is appropriate, yet they should not do so under Rule 60(b)(6) except in extraordinary circumstances and after a showing that justice demands it. Thus the federal courts, in considering similar questions, have identified as relevant factors (1) the general desirability that a final judgment not be lightly disturbed, (2) where relief is sought from a judgment of dismissal or default, the relative interest of deciding cases on the merits and the interest in orderly procedure, (3) the opportunity the movant had to present his claim or defense, and (4) any intervening equities."

As recognized in our decision in *Equipment Co. v. Albertson, supra*, the setting aside of a judgment pursuant to G.S. 1A-1, Rule 60(b)(6), of the Rules of Civil Procedure should only take place where (1) extraordinary circumstances exist and (2) there is a showing that justice demands it. This test is two-pronged, and relief should be forthcoming only where both requisites exist. The factors enumerated in *Equipment Co. v. Albertson, supra*, are means of determining the pre-existence of conditions justifying the use of G.S. 1A-1, Rule 60(b)(6), of the Rules of Civil Procedure.

In the present case, the propriety of the court's order hinges on the third factor—the opportunity the movant had to present his claim or defense. In setting aside the default judgment, the trial court found as a fact in pertinent part:

> "6. On May 22, 1978, the said William F. Hulse filed a motion to withdraw as attorney of record because the Defendants were not able to make the necessary financial ar-

rangements with him and on the same date, an order was entered of record allowing this motion. The said Legal Aid Society was informed that Mr. Hulse was withdrawing because the Defendants did not have sufficient money to pay him.

\* \* \*

12. In this case, the said Legal Aid Society had knowledge or should have in the exercise of ordinary care had knowledge that these Defendants could not afford an attorney to defend themselves against an action of this nature.

\* \* \*

14. During April and May of 1978, the Defendant, H. Lee Brown, operated a small auto upholstery shop, had an income of slightly over $500 per month, and the Defendant, Dorothy Mitchell Brown, had an income of $660 one month and $706 the next. The total expenses of the two Defendants for living during that period of time was at least $2,291.00, all as appears in the affidavit of Dorothy M. Brown filed herein. The defendants had no assets except Mr. Brown's business."

In the case *sub judice*, the court could have only relied on Rule 60(b)(6), in that the facts do not call into play any other subsection of Rule 60(b). There is not any evidence in the record before us that plaintiff practiced or attempted to practice any fraud, deceit, misrepresentation, or duress upon defendants. The Legal Aid Society could not be held responsible for defendants' inability to hire counsel. The record reveals that defendants invested $3,000 in their business during the period of time this action was pending.

To us, defendants made a free choice to take the risk of not defending the action against them and to use the $3,000 for another purpose other than defending the action in question. In view of this fact, we hold that the record does not reveal any extraordinary circumstance which would warrant the trial court to use its discretion as provided by Rule 60(b)(6).

The trial court's order setting aside the judgment is

Vacated.

Judges MARTIN (Robert M.) and WELLS concur.