EARL DEAN HOWELL v. JOAN HURLEY HOWELL

No. 211A87

(Filed 5 November 1987)

**Divorce and Alimony § 30; Rules of Civil Procedure § 60— divorce judgment—relief from bar to equitable distribution—judgment not set aside—invalid**

The trial court erred by granting defendant's motion under N.C.G.S. § 1A-1, Rule 60(b)(6) asking to be relieved from the effect of a divorce judgment to the extent that it barred her from asserting a claim for equitable distribution where defendant consulted an attorney, followed the advice of her counsel, and did not respond to a complaint in Wilkes County seeking absolute divorce until after the divorce judgment was entered. Neither N.C.G.S. § 1A-1, Rule 60(b)(6) nor any other provision of law authorizes a court to nullify or void one or more of the legal effects of a valid judgment while leaving the judgment itself intact. N.C.G.S. § 50-11.

APPEAL by plaintiff pursuant to N.C.G.S. § 7A-30(2) from the unpublished decision of a divided panel of the Court of Appeals, 85 N.C. App. 170, 354 S.E. 2d 776 (1987), affirming an order granting defendant's motion to set aside the effect of a divorce judgment, by *Osborne, J.*, at the 14 January 1986 Session of WILKES

County District Court. Heard in the Supreme Court 11 September 1987.

*Ferree, Cunningham & Gray, P.A., by George G. Cunningham, for plaintiff appellant.*

*McElwee, McElwee, Cannon & Warden, by William H. McElwee, III, for defendant appellee.*

EXUM, Chief Justice.

The sole issue on appeal is whether the trial court erred in granting defendant's motion to be "relieved of the effect" of a divorce judgment to the extent that the judgment barred her claim for equitable distribution. We conclude that the trial court erred in granting the motion and, therefore, reverse the Court of Appeals' decision to the contrary.

At trial, the parties stipulated that Mr. and Ms. Howell were married on 22 December 1953. During their marriage the couple acquired various items of property, including stock of unspecified value, registered in husband's name and a vested interest in husband's retirement benefits valued at $11,289.63. The couple separated on 21 April 1983.

At the motion hearing, Ms. Howell's evidence tended to show that she hired an Ashe County attorney, John Siskind, to represent her interests with reference to support, property settlement and divorce. On 2 May 1983 Mr. Siskind filed, on Ms. Howell's behalf, an action in Ashe County District Court. In this action Ms. Howell alleged, among other things, that she feared Mr. Howell would "try to change the nature or location of marital property so as to hinder her claims for equitable distribution." She prayed for temporary alimony, a writ of possession for the marital home and injunctive relief "protecting the marital property pending equitable distribution." The District Court in Ashe County issued an order granting Ms. Howell temporary alimony, a writ of possession for the marital home, and a temporary restraining order prohibiting transfer by either party of any "marital property."

In late summer of 1983 Ms. Howell learned that retirement benefits were considered marital property and were subject to equitable distribution. She then consulted Mr. Siskind about her husband's retirement benefits. She testified that Mr. Siskind as-

sured her that these retirement benefits and the stock would be included in the equitable distribution settlement.

In the summer of 1984 Mr. Howell filed this action in Wilkes County for absolute divorce based upon one year's separation. Upon Mr. Siskind's advice, Ms. Howell accepted service of the complaint and summons and brought them to Mr. Siskind's office. He told Ms. Howell that if she did not choose to contest the divorce she did not have to do anything further. Ms. Howell testified that Mr. Siskind failed to tell her the effect of a final divorce judgment on her right to equitable distribution.[1]

This effect is clearly set out in N.C.G.S. § 50-11 (1984). That statute, entitled "Effects of absolute divorce," provides in pertinent part as follows:

> (e) An absolute divorce obtained within this State shall destroy the right of a spouse to an equitable distribution of the marital property under G.S. § 50-20 unless the right is asserted prior to judgment of absolute divorce.

Under this section, a judgment of absolute divorce destroys the right to equitable distribution "unless the right is asserted prior to judgment of absolute divorce."

Ms. Howell did not respond to the complaint in her husband's divorce action, and on 28 August 1984 the District Court in Wilkes County entered judgment granting Mr. Howell an absolute divorce.

Two days after this divorce judgment was entered, Mr. Siskind filed a new and separate claim on Ms. Howell's behalf in Ashe County District Court seeking equitable distribution. This complaint alleged that a judgment of absolute divorce had been entered in Wilkes County.

On 9 October 1984 the Ashe County District Court dismissed Ms. Howell's claim for equitable distribution pursuant to Rule

---

1. We note that Mr. Siskind testified that he never agreed to represent Ms. Howell in an action for absolute divorce or equitable distribution. At the hearing, Mr. Siskind introduced into evidence a document entitled "Agreement to Provide Legal Services." That document was signed by Mr. Siskind and Ms. Howell. At the bottom of the document was the provision, "Does not include absolute divorce or equitable distribution — final." Mr. Siskind testified that Ms. Howell received a copy of the document.

12(b)(6) for its failure to state a claim upon which relief could be granted.

Meanwhile, on 28 September 1984, the parties entered into a consent judgment regarding Ms. Howell's 2 May 1984 Ashe County action. The consent judgment purported to settle "all pending matters and claims" which existed between the parties.[2]

On 11 December 1985 defendant filed a motion in the instant case pursuant to N.C.G.S. § 1A-1, Rule 60(b)(6), asking that she be "relieved of the effect of the divorce judgment entered in this cause on August 21, 1984 to the extent that it now bars her from asserting a claim for equitable distribution of marital property against her former husband, Earl Dean Howell." The district court granted Ms. Howell's motion, and the Court of Appeals affirmed, holding that the relief requested was permitted under Rule 60(b)(6).

Rule 60(b)(6) provides in pertinent part as follows:

(b) Mistakes; inadvertence; excusable neglect; newly discovered evidence; fraud, etc.— On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:

. . . .

(6) Any other reason justifying relief from the operation of the judgment.

The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after judgment, order, or proceeding was entered or taken. . . .

2. Ms. Howell testified at the motion hearing that she did not understand the effect of the consent judgment to be anything other than the discontinuance of her temporary alimony. It would be premature for us to determine whether the consent judgment would bar Ms. Howell's right to equitable distribution since, as the case now stands, this right is barred by the judgment of absolute divorce.

Since the question has not been briefed or argued, we express no opinion on whether the claims asserted in Ms. Howell's 2 May 1984 Ashe County action constitute an assertion of her right to equitable distribution "prior to judgment of absolute divorce" under N.C.G.S. § 50-11(e).

Howell v. Howell

Rule 60(b)(6) is equitable in nature and authorizes the trial court to exercise its discretion in granting or denying the relief sought. *Kennedy v. Starr*, 62 N.C. App. 182, 302 S.E. 2d 497, *disc. rev. denied*, 309 N.C. 321, 307 S.E. 2d 164 (1983). The rule empowers the court to set aside or modify a final judgment, order or proceeding whenever such action is necessary to do justice under the circumstances. *Norton v. Sawyer*, 30 N.C. App. 420, 227 S.E. 2d 148, *disc. rev. denied*, 291 N.C. 176, 229 S.E. 2d 689 (1976). The test for whether a judgment, order or proceeding should be modified or set aside under Rule 60(b)(6) is two pronged: (1) extraordinary circumstances must exist, and (2) there must be a showing that justice demands that relief be granted. *Baylor v. Brown*, 46 N.C. App. 664, 266 S.E. 2d 9 (1980).

Using the *Baylor* test, the Court of Appeals held that Ms. Howell's motion to set aside the effect of the divorce judgment to the extent that it barred her claim for equitable distribution was properly granted. The court held that, because defendant had been diligent in attempting to preserve her rights and had relied upon advice of counsel, relief from the effect of the divorce judgment could be granted under Rule 60(b)(6). We disagree on a narrow ground.

Ms. Howell did not seek to have the trial court, and the trial court did not, set aside the divorce judgment. Rather, pursuant to Ms. Howell's motion, the trial court ordered that she be given "relief from the effect of the divorce judgment . . . to the extent of allowing her to assert a counterclaim against the plaintiff for equitable distribution . . . ." Because the trial court did not set aside the divorce judgment itself, its terms and validity still abide. Likewise, the legal effects of the divorce judgment still obtain. Neither Rule 60(b)(6) nor any other provision of law authorizes a court to nullify or avoid one or more of the legal effects of a valid judgment while leaving the judgment itself intact.[3]

---

3. An order which purports to avoid one or more of the legal effects of a judgment is not the same as an order modifying the judgment. The modification of a judgment with several provisions involves changing one or more of these provisions; it imports adding or deleting or amending the language of the judgment. The divorce judgment in this case had only one operative provision—it granted Mr. Howell an absolute divorce. The only question before the trial court when this judgment was entered was whether to grant or not to grant the divorce. The judgment is thus not subject to modification. It is subject only to being set aside or left intact. So long as it is left intact all of the legal effects that flow from it obtain.

In so ruling we are not insensitive to the plight of Ms. Howell and, if her testimony is believed, her apparently diligent reliance on counsel's advice. We simply are unwilling to hold that a court may leave intact a judgment of absolute divorce, yet order that one or more of the legal effects of that judgment may somehow be avoided. Such a holding would empower a court to say, for example, that a divorce decree would not have the legal effect of permitting the parties to remarry or of dissolving other various rights arising out of the marital relation. These kinds of judicial rulings would negate the provisions of N.C.G.S. § 50-11 by which the legislature has prescribed the legal effects of judgments of absolute divorce. These effects are beyond the power of a court to change.

For the foregoing reasons defendant's motion should have been denied, and the Court of Appeals' decision is

Reversed.