## JORGENSEN v. SEEMAN

[95 N.C. App. 767 (1989)]

---

DAN JORGENSEN, D/B/A DANCO ELECTRIC COMPANY, PLAINTIFF v. DANIEL SEEMAN AND ROBERTA SEEMAN, DEFENDANTS

No. 8926DC179

(Filed 3 October 1989)

**Trial § 45— verdict unilaterally reduced by judge—abuse of discretion**

The trial court abused its discretion by unilaterally reducing plaintiff's verdict where plaintiff sued for $4,852.20; the

jury returned a verdict for plaintiff in the amount of $2,426.10 against defendant husband and a verdict for plaintiff in the amount of $2,426.10 against defendant wife; at the hearing on plaintiff's N.C.G.S. § 1A-1, Rule 60 motion for correction of judgment plaintiff proffered the testimony of the foreman of the jury along with his affidavit and the affidavits of the other jurors which affirmed the fact that the jurors intended to award plaintiff a total of $4,852.20; and nothing in the record indicated that plaintiff ever consented to the remittitur of one-half the verdict.

APPEAL from *Cantrell (Daphene, L.), Judge.* Judgment entered 10 November 1988 in District Court, MECKLENBURG County. Heard in the Court of Appeals 19 September 1989.

Plaintiff-appellant, Dan Jorgensen, d/b/a Danco Electric Company ("Danco"), brought this action against the defendant-appellees, Daniel Seeman and Roberta Seeman, to recover the value of services rendered pursuant to a contract.

The case was heard before Judge Cantrell and a jury at the 18 July 1988 session of the District Court of Mecklenburg County.

During 1984, plaintiff contracted with the defendants for electrical construction on defendants' residence. The plaintiff rendered labor and materials in the sum of $4,852.20. The plaintiff submitted his statement but defendants refused payment.

On 12 September 1985, the plaintiff filed suit against the defendants alleging breach of contract, *quantum meruit* and unjust enrichment. After trial the jury awarded judgment against the defendant, Daniel Seeman, in the amount of $2,426.10 and also judgment in the amount of $2,426.10 against the defendant, Roberta Seeman; the total recovery being the precise amount of the prayer for relief, $4,852.20.

On 12 August 1988, the trial court, on its own motion entered a judgment jointly and severally against the defendants in the total sum of $2,426.10, thereby reducing the verdict by fifty percent. The plaintiff filed a motion for a correction of the judgment pursuant to Rule 60, offering affidavits from all jurors, and this motion was denied by the court on 10 November 1988.

From the order denying plaintiff's motion for correction of judgment and from the original judgment of 12 August 1988, the plaintiff appeals.

JORGENSEN v. SEEMAN

[95 N.C. App. 767 (1989)]

*W. James Chandler for the plaintiff-appellant.*

*Defendants-appellees failed to file a brief on their behalf and were not before the Court.*

LEWIS, Judge.

Plaintiff Danco contests the denial of its motion under G.S. 1A-1, Rule 60(b). Rule 60(b)(6) is equitable in nature. *Howell v. Howell*, 321 N.C. 87, 91, 361 S.E.2d 585, 587 (1987). This section empowers the court with the authority to set aside or modify a final judgment, order or proceeding whenever such action is necessary to do justice under the circumstances. *Id.* A motion for relief under Rule 60(b) of the North Carolina Rules of Civil Procedure is addressed to the sound discretion of the trial court and such a decision will be disturbed only for an abuse of discretion. *Burwell v. Wilkerson*, 30 N.C. App. 110, 226 S.E.2d 220 (1976); *Harrington v. Harrington*, 38 N.C. App. 610, 248 S.E.2d 460 (1978).

In order for a judgment to be set aside, plaintiff must show that (1) extraordinary circumstances exist and that (2) justice demands it. *Baylor v. Brown*, 46 N.C. App. 664, 670, 266 S.E.2d 9, 13 (1980). We find that these criteria have been met. The plaintiff sued for $4,852.20. The jury returned a verdict for plaintiff in the amount of $2,426.10 against defendant Daniel Seeman and a verdict for plaintiff in the amount of $2,426.10 against defendant Roberta Seeman. At the hearing on plaintiff's Rule 60 motion, the plaintiff proffered the testimony of the foreman of the jury along with his affidavit and the affidavits of the other jurors which affirmed the fact that the jurors intended to award the plaintiff a total of $4,852.20. Indeed, the trial court at the hearing on the motion indicated that the issues and instructions given to the jury were designed to make it clear to the jury that they could not render a verdict for the total prayer, $4,852.20, against Mr. Seeman and then also award plaintiff the total prayer against Mrs. Seeman, resulting in double recovery of the contract price. Accordingly, the issues were presented to the jury in the following manner:

ISSUE IV: Did the Plaintiff, Dan Jorgensen d/b/a DANCO, render electrical services to the Defendant Daniel Seeman under such circumstances that the Defendant Daniel Seeman should be required to pay the Plaintiff, Dan Jorgensen d/b/a DANCO?

ANSWER: YES

ISSUE V: What amount is the Plaintiff, Dan Jorgensen d/b/a DANCO, entitled to recover of the Defendant Daniel Seeman as damages for the electrical services which the Plaintiff, Dan Jorgensen d/b/a DANCO, has rendered to the Defendant, Daniel Seeman?

ANSWER: $2,426.10

ISSUE VI: Did the Plaintiff, Dan Jorgensen d/b/a DANCO, render electrical services to the Defendant Roberta Seeman in such circumstances that the Defendant Roberta Seeman should be required to pay the Plaintiff, Dan Jorgensen d/b/a DANCO?

ANSWER: YES

ISSUE VII: What amount is the Plaintiff Dan Jorgensen d/b/a DANCO, entitled to recover of the Defendant Roberta Seeman as damages for the electrical services which the Plaintiff, Dan Jorgensen d/b/a DANCO has rendered to the Defendant, Roberta Seeman?

ANSWER: $2,426.10

Nowhere in these issues did the words "joint and several" appear. Nothing in the record indicates that the plaintiff ever consented to the remittitur of one-half the verdict. It was an abuse of discretion by the trial court to unilaterally reduce plaintiff's jury verdict. *See Pittman v. Nationwide Mut. Fire Ins. Co.*, 79 N.C. App. 431, 339 S.E.2d 441, *cert. denied*, 316 N.C. 733, 345 S.E.2d 391 (1986) (trial courts have no authority to grant remittitur without the consent of the prevailing party). We reverse the denial of plaintiff's Rule 60 motion and remand for entry of judgment for plaintiff for $2,426.10 against defendant Daniel Seeman and also judgment for plaintiff for $2,426.10 against defendant Roberta Seeman; total recovery against both defendants being $4,852.20.

Vacated and remanded.

Judges PHILLIPS and COZORT concur.