UNIVERSAL MECHANICAL, INC. v. WILL HUNT, D/B/A INTERSTATE MECHANICAL PIPING, INTERSTATE MECHANICAL, INC., AND/OR INTERSTATE MECHANICAL & PIPING, INC., MARRIOTT CONSTRUCTION, AND DUNN CONSTRUCTION COMPANY, INC.

No. 9326SC409

(Filed 19 April 1994)

1. **Liens § 32 (NCI4th)— perfection of subcontractor's lien— necessity for claim of lien and notice**
   Under N.C.G.S. § 44A-23, a subcontractor's claim of lien against real property is perfected upon the filing and service of both a claim of lien pursuant to N.C.G.S. § 44A-12 and a notice of claim of lien pursuant to N.C.G.S. § 44A-19. Therefore, plaintiff second tier subcontractor failed to perfect its lien against motel property where plaintiff filed a claim of lien against the owner and the general contractor but did not also file a notice of a claim of lien.

   **Am Jur 2d, Mechanics' Liens §§ 49-237.**

2. **Liens § 35 (NCI4th)— claim of lien—not notice of claim of lien**
   Plaintiff second tier subcontractor's claim of lien did not meet the requirements of a notice of a claim of lien because it did not name the general contractor or assert rights available to plaintiff via a notice of a claim of lien.

   **Am Jur 2d, Mechanics' Liens §§ 170-237.**

UNIVERSAL MECHANICAL, INC. v. HUNT

[114 N.C. App. 484 (1994)]

**3. Liens § 35 (NCI4th)— notice of claim of lien—claim of lien, complaint and motion to amend insufficient**

Plaintiff second tier subcontractor's claim of lien, complaint and motion to amend the complaint did not together amount to a notice of a claim of lien under N.C.G.S. § 44A-19 because all of the information necessary to constitute a claim of lien was not contained in a single document purported to be a claim of lien. The notice of a claim of lien must be a single document substantially in the form prescribed by N.C.G.S. § 44A-19.

**Am Jur 2d, Mechanics' Liens, §§ 171-173, 210-222.**

Appeal by plaintiff from judgment entered 26 February 1993 by Judge Marvin K. Gray in Mecklenburg County Superior Court. Heard in the Court of Appeals 3 February 1994.

*Philip L. Whitson for plaintiff-appellant.*

*Edward F. Hennessey, IV for defendants-appellees.*

JOHNSON, Judge.

Plaintiff, Universal Mechanical, Inc. was a second-tier contractor on a project involving the construction of a hotel upon the real property of defendant, Marriott Corporation (hereinafter defendant Marriott), located in Mecklenburg County, North Carolina. Plaintiff's contract was through defendant, Will Hunt, d/b/a Interstate Mechanical Piping, Interstate Mechanical, Inc., and/or Interstate Mechanical & Piping, Inc. (hereinafter defendant Interstate) who was the first-tier subcontractor to defendant Dunn Construction Company, Inc. (hereinafter defendant Dunn), the General Contractor. (Defendant Interstate has filed a petition in bankruptcy and has never appeared in this action.) From 15 October 1989 to 18 June 1990, plaintiff supplied defendants with materials and building supplies. Upon the completion of the contract, the amount of forty-seven thousand six hundred sixty three dollars and sixty nine cents ($47,663.69) was due to plaintiff.

On 10 July 1990, plaintiff properly filed a "Claim of Lien" with the Clerk of Superior Court of Mecklenburg County, North Carolina. On 25 September 1990, plaintiff filed a complaint against defendants Interstate and Marriott, claiming a lien against the real property of defendant Marriott. On 12 February 1991, plaintiff

filed a motion to amend its complaint to add defendant Dunn as a defendant. An order granting plaintiff's motion was entered on 2 April 1991.

The stipulated issue of whether plaintiff provided proper notice to defendants Marriott and Dunn pursuant to North Carolina General Statutes § 44A-19 (1989) was heard on 26 February 1993 before Judge Marvin K. Gray in the Superior Court of Mecklenberg County, North Carolina. Judge Gray entered judgment dismissing plaintiff's claim against defendants Marriott and Dunn because plaintiff had not perfected its claim of lien. From this judgment plaintiff appealed to our Court.

[1] By plaintiff's first assignment of error, plaintiff argues that the trial court erred in dismissing plaintiff's lien and claim of lien against the real property of defendant Marriott on the grounds that plaintiff failed to perfect its claim of lien under North Carolina General Statutes § 44A-23(1989).

North Carolina General Statutes § 44A-23 provides:

A first, second, or third tier subcontractor, who gives notice as provided in this Article, may, to the extent of his claim, enforce the lien of the contractor created by Part 1 of Article 2 of this Chapter. The manner of such enforcement shall be as provided by G.S. 44A-7 through 44A-16. The lien is perfected as of the time set forth in G.S. 44A-10 upon filing of claim of lien pursuant to G.S.44A-12. Upon the filing of the notice **and** claim of lien and the commencement of the action, no action of the contractor shall be effective to prejudice the rights of the subcontractor without his written consent. (Emphasis added.)

Under this provision, a claim of lien against real property is perfected, or enforceable, upon the filing and service of both a claim of lien pursuant to North Carolina General Statutes § 44A-12 (1989) and a notice of claim of lien pursuant to North Carolina General Statutes § 44A-19.

Plaintiff, however, contends that the perfection of a claim of lien under North Carolina General Statutes § 44A-23 does not require the filing and service of a notice of lien pursuant to North Carolina General Statutes § 44A-19. Plaintiff argues that the requirements for perfection of a claim of lien under North Carolina General Statutes § 44A-23 are set forth in North Carolina General

Statutes § 44A-12. Plaintiff argues that this is evident by the following language in North Carolina General Statutes § 44A-23: "The lien is perfected as of the time set forth in G.S. 44A-10 upon filing of claim of lien pursuant to G.S. 44A-12." However, we find that this portion of the statute merely refers to the effective date of a lien. The language is not to be construed to mean that once a claim of lien has been filed pursuant to North Carolina General Statutes § 44A-12, the lien is perfected. The necessity of filing both documents is made clear by the last sentence of North Carolina General Statutes § 44A-23 which provides: "Upon the filing of the notice **and** claim of lien and the commencement of the action, no action of the contractor shall be effective to prejudice the rights of the subcontractor without his written consent." (Emphasis added.) Therefore, it is clear that in order to have perfected its claim of lien, plaintiff should have filed and served on all parties a notice of claim of lien in compliance with North Carolina General Statutes § 44A-19. We overrule plaintiff's first assignment of error.

Plaintiff next argues that the trial court erred in ruling that plaintiff failed to provide "notice" to defendant, Marriott, as required by North Carolina General Statutes § 44A-23, because said notice was complete upon plaintiff filing its claim of lien on 10 July 1990; or, alternatively, when plaintiff properly served its complaint upon defendant Marriott on 12 February 1991.

North Carolina General Statutes § 44A-23 provides that: "[a] first, second or third tier subcontractor, who gives **notice** as provided in this Article, may, to the extent of his lien enforce the lien of the contractor[.] . . ." (Emphasis added.) North Carolina General Statutes § 44A-19 sets forth the requirements for giving notice and provides in pertinent part:

(a) Notice of a claim of lien shall set forth:

    (1) The name and address of the person claiming the lien,

    (2) A general description of the real property improved,

    (3) The name and address of the person with whom the lien claimant contracted to improve real property,

    (4) The name and address of each person against or through whom subrogation rights are claimed,

    (5) A general description of the contract and the person against whose interest the lien is claimed, and

(6) The amount claimed by the lien claimant under his contract.

(b) All notices of claims of liens by first, second or third tier subcontractors must be given using a form substantially as follows:

.  .  .

Plaintiff argues that its claim of lien or its complaint and motion to amend complaint in this action, read together with its claim of lien, amount to a notice of claim of lien. We disagree.

[2] A claim of lien may not serve as a notice of claim of lien because a notice of claim of lien must identify all the parties in the "contractual chain" between the claimant and the owner. A claim of lien, however, need only identify the owner, the claimant, and the party with which the claimant contracted. While plaintiff's claim of lien met the requirements of North Carolina General Statutes § 44A-12, the claim of lien did not met the requirements of North Carolina General Statutes § 44A-19, because the claim of lien did not name defendant Dunn or assert rights available to plaintiff via a notice of claim of lien.

[3] Plaintiff's claim of lien, complaint, and motion to amend the complaint read together, do not amount to a notice of a claim of lien under North Carolina General Statutes § 44A-19, because all the information necessary to constitute a notice of claim of lien was not contained in a single document purported to be a notice of claim of lien. Our Supreme Court in *Contract Steel Sales, Inc. v. Freedom Const. Co.*, 321 N.C. 215, 362 S.E.2d 547 (1987) held that a lien claimant is not required to use the model statutory form set out in North Carolina General Statutes § 44A-19. However, the Court also held that deviation from the statutory form is permissible only if all the information set out in the statutory form is contained in the notice. *Id.* at 222, 362 S.E.2d at 551. We interpret this to mean that the notice of claim of lien must be a single document substantially in the form prescribed. We find no authority for plaintiff's argument that a collection of documents may be read together to establish a notice of claim of lien.

Therefore, we find that plaintiff's complaint and motion to amend the complaint do not constitute a sufficient notice of claim of lien within the meaning of North Carolina General Statutes § 44A-19, and conclude that plaintiff did not properly perfect any

IN RE FORECLOSURE OF EARL L. PICKETT ENTERPRISES

[114 N.C. App. 489 (1994)]

lien that may have been available to it under North Carolina General Statutes § 44A-23. Accordingly, the decision of the trial court is affirmed.

Affirmed.

Judges EAGLES and LEWIS concur.