PIEDMONT REBAR, INC., D/B/A CAROLINA REBAR, PLAINTIFF v. SUN
CONSTRUCTION, INC. AND EAST COAST HOSPITALITY, L.L.C., DEFENDANTS

No. COA01-558

(Filed 4 June 2002)

**1. Judgments— default—subcontractor action—general contractor not served—summary judgment against owner—lien on owner's property**

The trial court did not err by denying defendant motel owner's motion for relief from an order granting plaintiff subcontractor a default judgment against the motel owner and the general contractor in an action for breach of contract and granting plaintiff a lien against the owner's property for materials furnished for construction of the motel, even though defendant general contractor was not timely served with process, since (1) the action did not discontinue as to the owner which was properly served with process, and (2) where an action is brought against two or more defendants who are jointly or severally liable, and the summons is served on one or more, but not all of them, the plaintiff may proceed against the defendants served, and judgment for the plaintiff may be entered against all defendants who are jointly indebted and enforced against the joint property of all and the separate property of the defendant served.

**2. Lien— amount—general contractor not served—enforcement against owner's property**

The amount of the lien against the real property of a motel owner awarded by the trial court in favor of plaintiff subcontractor arises from the lien itself, not from monetary damages assessed against the general contractor, and the lien can be enforced against the motel owner's real property even though the general contractor was not properly served with process where the owner was properly served.

Judge TYSON concurring in the result.

PIEDMONT REBAR, INC. v. SUN CONSTR., INC.

[150 N.C. App. 573 (2002)]

Appeal by defendant East Coast Hospitality, L.L.C., from order entered 20 February 2001 by Judge Thomas W. Seay, Jr., in Randolph County Superior Court. Heard in the Court of Appeals 20 February 2002.

*No brief filed for plaintiff appellee.*

*Stubbs & Perdue, P.A., by Trawick H. Stubbs, Jr., and John W. King, Jr., for defendant appellant East Coast Hospitality, L.L.C.*

TIMMONS-GOODSON, Judge.

East Coast Hospitality, L.L.C. ("East Coast") appeals from an order of the trial court denying its motions seeking relief from a default judgment granting Piedmont Rebar, Inc. ("Piedmont") a lien against certain real property owned by East Coast. For the reasons stated herein, we affirm the order of the trial court.

On 6 October 1998, Piedmont filed a complaint in Randolph County Superior Court against East Coast and Sun Construction, Inc. ("Sun Construction") for breach of contract. The complaint alleged that Sun Construction and East Coast entered into a contract for Sun Construction to build a motel on certain property owned by East Coast. Piedmont thereafter entered into a subcontract with Sun Construction "to provide reinforcing rod for the Project." According to the complaint, Piedmont provided the contracted materials but was never reimbursed for such supplies, resulting in a loss to Piedmont of over ten thousand dollars. Piedmont asserted recovery based upon quantum meruit and breach of its contract with Sun Construction, and it requested a lien upon any funds owed by East Coast to Sun Construction, as well as a subrogation lien on the property owned by East Coast.

Neither Sun Construction nor East Coast responded to the complaint, and Piedmont subsequently obtained a default judgment against both of them. On 8 February 1999, the trial court entered an order and judgment awarding Piedmont judgment against Sun Construction for the principal sum of $10,568.20, plus interest in the amount of $1,426.70. The trial court also decreed Piedmont to have a lien against any funds owed to Sun Construction by East Coast, as well as a lien against the real property owned by East Coast.

On 29 January 2001, East Coast filed a motion in the cause requesting that the 8 February 1999 judgment "be amended to reflect

**PIEDMONT REBAR, INC. v. SUN CONSTR., INC.**

[150 N.C. App. 573 (2002)]

that East Coast Hospitality, LLC did not violate the Notice of Claim of Lien of the Plaintiff" and that "any claim against the real estate owned by [East Coast] be vacated." On 8 February 2001, East Coast filed a motion seeking relief from the default judgment under Rule 60(b)(6) of the Rules of Civil Procedure. The trial court heard the matter on 19 February 2001. Upon review of the relevant materials and argument by counsel, the trial court concluded that East Coast had "failed to demonstrate sufficient grounds to support its Motions" and therefore denied such motions. East Coast filed a timely notice of appeal to this Court.

---

**[1]** East Coast contends that the trial court erred by denying its motion to set aside the default judgment on the grounds that the judgment was void for lack of jurisdiction. East Coast also submits that the court erred in denying its motion in the cause.

Under section 1A-1, Rule 60(b)(6) of our Rules of Civil Procedure, a judgment may be set aside for any reason "justifying relief from the operation of the judgment." N.C. Gen. Stat. § 1A-1, Rule 60(b)(6) (2001). A motion to set aside a judgment based on lack of personal service is proper under this section. *See Nye, Mitchell, Jarvis & Bugg v. Oates*, 109 N.C. App. 289, 291-92, 426 S.E.2d 291, 293 (1993). Rule 60(b)(6) is equitable in nature and permits a trial judge to exercise his discretion in granting or withholding the desired relief. *See State ex. rel. Envir. Mgmt. Comm. v. House of Raeford Farms*, 101 N.C. App. 433, 448, 400 S.E.2d 107, 117, *disc. review denied*, 328 N.C. 576, 403 S.E.2d 521 (1991). As such, the trial judge's ruling may be reversed on appeal only upon a showing that the decision results in a substantial miscarriage of justice. *See id.*

East Coast argues that the default judgment is void for lack of process. East Coast notes that, although it received proper and timely notice of Piedmont's complaint, Sun Construction was not served with notice until thirty-three days after the issuance of the summons. East Coast asserts that the lack of proper service to Sun Construction rendered the default judgment void. This argument has no merit.

When Piedmont filed its complaint, it had thirty days[1] after the date of the issuance of the summons in which to effect personal service of summons. *See* N.C. Gen. Stat. § 1A-1, Rule 4(c) (1999). Where

---

1. The time period in which to effect personal service has recently been expanded to sixty days. *See* 2001 N.C. Sess. Laws ch. 379, § 1; N.C. Gen. Stat. § 1A-1, Rule 4(c) (2001).

personal service is not effected within the time specified, "the action is discontinued *as to any defendant not theretofore served* with summons within the time allowed." N.C. Gen. Stat. § 1A-1, Rule 4(e) (2001) (emphasis added). As East Coast was properly served within the time specified by statute, the action clearly did not discontinue as to East Coast. Moreover, where an action is brought against two or more defendants who are jointly or severally liable, and the summons is served on one or more, but not all of them, the plaintiff may proceed against the defendants served, and if the plaintiff recovers judgment, such judgment may be entered against all the defendants who are jointly indebted, and enforced against the joint property of all and the separate property of the defendants served. *See* N.C. Gen. Stat. § 1-113 (2001); *Hancock v. Southgate*, 186 N.C. 278, 282, 119 S.E. 364, 366 (1923).

**[2]** East Coast contends, however, that the monetary portion of the judgment concerned Sun Construction and not East Coast. East Coast asserts that, because service to Sun Construction was defective, that portion of the judgment as to Sun Construction is void, and if the monetary portion of the judgment is void, then the lien against the real property cannot be enforced. We disagree.

The 8 February 1999 order and judgment of the trial court decrees that "Plaintiff has a lien on the Property in the full amount of this judgment. The lien has an effective date of February 20th, 1998. Pursuant to N.C.G.S. 44A-13(b), the Property shall be sold to satisfy the lien[.]" The amount of the lien filed by Piedmont was $10,568.20. The amount of the lien against the real property awarded by the trial court in favor of Piedmont arises from the lien itself, and not from the monetary damages assessed against Sun Construction.

We conclude that the trial court did not abuse its discretion in denying East Coast's motion for relief from the default judgment. The judgment against East Coast was not void, and the record reveals no extraordinary circumstances or other showing by East Coast that would warrant relief from the judgment. *See Howell v. Howell*, 321 N.C. 87, 91, 361 S.E.2d 585, 588 (1987) (noting that relief under Rule 60(b)(6) is properly granted only if extraordinary circumstances exist and the movant makes a showing that justice demands the granting of such relief). East Coast argues that, as a subcontractor, Piedmont had no right to the lien unless the general contractor could enforce the lien, and that Piedmont failed to show that Sun Construction had any rights against East Coast. East Coast failed to assert this defense at trial, however, and did not appeal the default judgment. East Coast is

therefore precluded from seeking relief under Rule 60(b)(6) on this basis. *See Concrete Supply Co. v. Ramseur Baptist Church*, 95 N.C. App. 658, 660, 383 S.E.2d 222, 223 (1989) (holding that, where the defendant property owner failed to appeal from judgment against it in favor of a subcontractor, it was not entitled to relief under Rule 60(b)(6) on the grounds that it had already paid the general contractor all that was due under the contract). We therefore overrule East Coast's first assignment of error.

By its second assignment of error, East Coast argues that the trial court erred in denying its motion in the cause to determine the extent to which it violated the notice of claim of lien served by Piedmont. East Coast points to that portion of the default judgment which states that, "Plaintiff [has] a lien on the Property to the extent it is determined that East Coast violated the Notice of Claim of Lien[.]" Because the default judgment makes no findings regarding the extent to which East Coast violated the notice of claim of lien, East Coast asserts that the lien cannot be enforced. We do not agree with this argument.

East Coast concedes that the above-stated language represents only a portion of the default judgment. As noted *supra,* the default judgment clearly orders that, "Plaintiff has a lien against the Property in the full amount of this judgment." This language fully supports the enforcement of Piedmont's lien against the real property. Moreover, East Coast did not appeal from the default judgment. In fact, the record shows that East Coast took no steps in this matter whatsoever until 29 January 2001, nearly two years after the default judgment was entered against it, and nearly four years after it was served notice of Piedmont's claim of lien. We conclude that the trial court properly denied the motion in the cause, and we overrule East Coast's second assignment of error.

In conclusion, we hold that the trial court properly denied the motions brought by East Coast. The order of the trial court is therefore

Affirmed.

Judge WYNN concurs.

Judge TYSON concurs in the result.

PIEDMONT REBAR, INC. v. SUN CONSTR., INC.

[150 N.C. App. 573 (2002)]

TYSON, Judge, concurring in the result.

I concur in the result of the majority's opinion. N.C.G.S. § 44A-23 provides first, second, and third tier subcontractors a right of subrogation to the lien of the contractor who dealt with the owner, regardless of any lien upon the funds. *Electric Supply Co. of Durham, Inc. v. Swain Elec. Co., Inc.*, 328 N.C. 651, 654, 403 S.E.2d 291, 293 (1991).

Plaintiff was a first tier subcontractor. Article 2, Part 2 of Chapter 44A of the General Statutes provides for perfection of liens by subcontractors. A lien in favor of a subcontractor may arise either: (1) directly under N.C.G.S. § 44A-18 and N.C.G.S. § 44A-20; or (2) by subrogation under N.C.G.S. § 44A-23. *Mace v. Bryant Constr. Corp.*, 48 N.C. App. 297, 304, 269 S.E.2d 191, 195 (1980).

N.C.G.S. § 44A-23 provides that:

a first, second, or third tier subcontractor, who gives notice as provided in this Article, may, to the extent of his claim, *enforce the lien of the contractor* created by Part 1 of Article 2 of this Chapter. The manner of such enforcement shall be as provided by G.S. 44A-7 through 44A-16. The lien is perfected as of the time set forth in G.S. 44A-10 upon filing of claim of lien pursuant to G.S. 44A-12. Upon the filing of the notice and claim of lien and the commencement of the action, no action of the contractor shall be effective to prejudice the rights of the subcontractor without his written consent.

N.C. Gen. Stat. § 44A-23(a), (b) (2001) (Emphasis supplied). Under this provision, a claim of lien against real property is perfected, or enforceable, upon the filing and service of both a notice of claim of lien pursuant to N.C.G.S. § 44A-19 and a claim of lien pursuant to N.C.G.S. § 44A-12. *Universal Mechanical, Inc. v. Hunt*, 114 N.C. App. 484, 486, 442 S.E.2d 130, 131-32 (1994).

Entry of default against a defendant results in all allegations of plaintiff's complaint being deemed admitted against that defendant, and thereafter, defendant is prohibited from defending on the merits of the case. *Spartan Leasing, Inc. v. Pollard*, 101 N.C. App. 450, 460, 400 S.E.2d 476, 482 (1991). While defendant East Coast may have had a meritorious defense had it answered the complaint, because of its failure to appear or file an appeal from the default judgment, defendant East Coast is bound by the judgment validly entered. *Waters v. Qualified Personnel, Inc.*, 32 N.C. App. 548, 233 S.E.2d 76 (1977).