STONEY W. AMMONS, Employee, Plaintiff v. GOODYEAR TIRE & RUBBER COMPANY, Employer, LIBERTY MUTUAL INSURANCE COMPANY, Carrier, Defendants

No. COA10-879

(Filed 1 March 2011)

**Workers' Compensation— amendment to clarify benefit award—temporary total disability benefits—earning full salary wages**

The Industrial Commission did not err in a workers' compensation case by amending the January 2009 award, nor did the full Commission err by affirming the July 2009 award. The amendment of the January award to clarify a deputy commissioner's intentions regarding the benefit awarded was an appropriate exercise of the powers conferred upon the Industrial Commission by N.C.G.S. § 1A-1, Rule 60(b). Further, the Court of Appeals did not need to address whether plaintiff was entitled to late payment penalties because plaintiff was not entitled to temporary total disability benefits so long as he was earning full salary wages.

Appeal by Plaintiff from opinion and award entered 10 March 2010 by the North Carolina Industrial Commission. Heard in the Court of Appeals 15 December 2010.

*Hardison & Cochran, P.L.L.C., by J. Adam Bridwell, for Plaintiff.*

*Hedrick, Gardner, Kincheloe & Garofalo, L.L.P., by M. Duane Jones and Erika D. Jones, for Defendants.*

STEPHENS, Judge.

*Factual and Procedural Background*

In July 2005, while employed by Defendant Goodyear Tire & Rubber Company ("Goodyear"), Plaintiff Stoney W. Ammons ("Ammons") sustained an injury "to his spine and left upper extremity." Goodyear admitted the compensability of this injury, and "provided all medical treatment recommended by [Ammons'] treating physicians[.]" Subsequently, Ammons alleged that he suffered occupational injuries to his right shoulder and right hand in January 2006 and February 2008, respectively. Goodyear denied Ammons' right to compensation for both of these claims.

Ammons requested hearings before the North Carolina Industrial Commission to contest Goodyear's denial of his alleged occupational injuries. The hearings were consolidated, and in a 28 January 2009 opinion and award (the "January Award"), Deputy Commissioner Adrian A. Phillips ("Deputy Commissioner Phillips") concluded that Ammons was not entitled to compensation for the January 2006 and February 2008 injuries to his right shoulder and arm. Deputy Commissioner Phillips further concluded, however, that Ammons' position with Goodyear at the time of the hearing "require[d] physical activity in excess of the work restrictions opined by his treating physicians . . . and has been so modified that [Ammons] could not find similar work in the competitive marketplace." Accordingly, Deputy Commissioner Phillips concluded that "[Ammons] is entitled to temporary total disability [("TTD")] benefits from August 1, 2007[, the time when Ammons began working at his current position,] to the present and continuing until [Ammons] returns to suitable employment or is further ordered by the Industrial Commission."

Neither party appealed the January Award, but in March 2009, Ammons filed a motion to show cause with the Industrial Commission, alleging that Goodyear had refused to pay the TTD ben-

efits and requesting that the Industrial Commission enter an order requiring Goodyear to show cause as to why they should not be held in contempt for failing to comply with the January Award. Goodyear responded to Ammons' motion by arguing that Ammons was not entitled to benefits because he had been provided with his full salary and wages for each week he was requesting TTD benefits.

Following the 8 July 2009 show cause hearing, Deputy Commissioner Robert Wayne Rideout, Jr. ("Deputy Commissioner Rideout") issued an order finding that, at the show cause hearing, the parties were instructed that Goodyear would not be held in contempt and Goodyear was ordered to submit a motion for appropriate relief to Deputy Commissioner Phillips "to determine her position on [the January Award]." Deputy Commissioner Rideout's order further found that, in a 9 July 2009 telephone conference between the parties and Deputy Commissioner Phillips, Deputy Commissioner Phillips "indicated that it was not her intent to provide [Ammons] with TTD benefits in addition to his full salary and indicated that she would amend [the January Award] on her own Motion and clarify the [January Award] so that there was no confusion between the parties regarding benefits."

On 29 July 2009, Deputy Commissioner Phillips filed her amended opinion and award (the "July Award"), in which she noted that in the January Award,

> [t]he Undersigned concluded in her Conclusions of Law that [Ammons] was entitled to [TTD] benefits from August 1, 2007 to the present and continuing until [Ammons] returns to suitable employment or is further ordered by the Industrial Commission. The Undersigned, however, did not explain in her Conclusions that since [Ammons] was gainfully employed in an unsuitable position, but earning full salary wages, that he was not entitled to further compensatory benefits as double recovery is not contemplated by the Act.

Deputy Commissioner Phillips concluded in the July Award that Ammons is "not entitled to further compensatory benefits if he is working in [his current] position and earning his full salary wages" and ordered that Goodyear is "not obligated to compensate [Ammons] for said [TTD] compensation if [Ammons] has earned full salary wages during this period of time."

Ammons appealed the July Award to the Full Commission, which, in a 10 March 2010 opinion and award, affirmed the July Award with

only minor modifications not relevant to this appeal. On 1 April 2010, Ammons appealed the Full Commission's opinion and award to this Court.

## Discussion

The Industrial Commission "has inherent power, analogous to that conferred on courts by [North Carolina Civil Procedure] Rule 60(b)(6), in the exercise of supervision over its own judgments to set aside a former judgment when the paramount interest in achieving a just and proper determination of a claim requires it[.]" *Hogan v. Cone Mills Corp.*, 315 N.C. 127, 129, 337 S.E.2d 477, 478 (1985); *see also Jenkins v. Piedmont Aviation Servs.*, 147 N.C. App. 419, 424-25, 557 S.E.2d 104, 108 (2001) ("N.C. Gen. Stat. § 1A-1 Rule 60(b) [] confers upon the [Industrial] Commission the ability to set aside a judgment where it finds . . . (6) Any [] reason justifying relief from the operation of the judgment."), *disc. review denied*, 356 N.C. 303, 570 S.E.2d 724 (2002). "Under the broad power of [Rule 60(b)(6)] an erroneous judgment cannot be attacked, but irregular judgments, those rendered contrary to the cause and practice of the court, come within its purview." *Taylor v. Triangle Porsche-Audi, Inc.*, 27 N.C. App. 711, 717, 220 S.E.2d 806, 811 (1975), *cert. denied*, 289 N.C. 619, 223 S.E.2d 396 (1976).

Conceding to the Industrial Commission this expansive power to set aside its own judgments, Ammons contends that in this case, the Industrial Commission's amendment of the January Award was not an appropriate exercise of this power, but rather, that it served merely as a substitute for Goodyear's failure to timely appeal the January Award and that, consequently, the Full Commission's affirmation of the July Award was error. We disagree. Based on our review of the record, the Industrial Commission's amendment to the January Award was not an attempt to provide Goodyear relief from an erroneous judgment, but was instead necessary supervision of its own judgments to do justice under the circumstances. *See Howell v. Howell*, 321 N.C. 87, 91, 361 S.E.2d 585, 587-88 (1987) (noting that Rule 60(b)(6) "empowers the court to set aside or modify a final judgment, order or proceeding whenever such action is necessary to do justice under the circumstances").

As found in Deputy Commissioner Rideout's order, Deputy Commissioner Phillips did not intend to provide Ammons with TTD benefits in addition to full salary when she entered the January Award. Indeed, as noted by Deputy Commissioner Phillips in the July

Award, "double recovery is not contemplated by [the Workers' Compensation Act]." To "clarify" the January Award "so that there was no confusion between the parties regarding benefits[,]" Deputy Commissioner Phillips amended the January Award on her own motion.

Rather than attempting to provide relief from some erroneous finding or conclusion, as Ammons suggests, the amendment to the January Award properly sought to "clarify" Deputy Commissioner Phillips' intentions regarding the benefits awarded. *Cf. Alston v. Fed. Express Corp.*, N.C. App. ——, ——, 684 S.E.2d 705, 707 (2009) (holding that in a situation where the parties could not agree on how to interpret the trial court's order, "[p]ursuant to Rule 60(b)(6)'s 'grand reservoir of equitable power,' the trial court had jurisdiction to revisit its order so that its intentions could be made clear"). Because the amendment of the January Award was an appropriate exercise of the powers conferred upon the Industrial Commission by Rule 60(b), and not a "mere substitute" for an appeal, we find Ammons' argument wholly meritless and conclude that the Industrial Commission did not err by amending the January Award and that the Full Commission did not err in affirming the July Award.

Further, because we conclude that the January Award was appropriately amended to reflect Deputy Commissioner Phillips' intention that Ammons was not entitled to TTD benefits so long as he was earning full salary wages, we need not address Ammons' argument that he is entitled to late payment penalties based on Goodyear's failure to pay TTD benefits under the January Award. The Full Commission's opinion and award is

AFFIRMED.

Judges STEELMAN and ROBERT N. HUNTER, JR. concur.