ROBERT L. JONES, AS TRUSTEE FOR WILLIAM ISAAC SWAIN, UNDER
THE WILL OF WILLIAM E. SWAIN, AND MARIE RENEE SWAIN v.
KIMBERLY SWAIN

No. 8710DC1127

(Filed 19 April 1988)

**Ejectment § 1.1— summary ejectment—requirement of landlord-tenant relation-
ship—insufficiency of evidence**

The district court had no authority to enter summary judgment summari-
ly ejecting defendant since there was no evidence that a trustee and
decedent's daughter, who took decedent's homeplace pursuant to his will, were
"landlords" or that defendant, who was the mother of decedent's minor son
and who moved into the house four months before decedent's death, was a
"tenant"; there was no evidence that there was ever any contract or lease, ac-
tual or implied, between the parties or between defendant and a person under
whom the plaintiffs claimed in privity; and the statute for summary ejectment,
N.C.G.S. § 42-26, therefore had no application in this case.

APPEAL by defendant from *Morelock, Judge.* Summary judg-
ment entered 19 August 1987 in District Court, WAKE County.
Heard in the Court of Appeals 6 April 1988.

This is a summary ejectment proceeding instituted pursuant
to the provisions of G.S. 42-26 *et seq.* before a magistrate to evict
defendant from a residence located at 1705 Oberlin Road, Raleigh,
North Carolina.

The record before us establishes the following uncontrovert-
ed facts: William E. Swain died testate in December 1986. In his
will Mr. Swain appointed his sister, Margaret Blythe, as executrix
of his estate. Article 3 of Mr. Swain's will provides:

All the residue of the property which I may own at the
time of my death, real or personal, tangible and intangible, of
whatsoever nature and wheresoever situated, including all
property which I may acquire or become entitled to after the
execution of this will, I bequeath and devise in shares of
equal value to my daughter, Marie Renee Swain, and my son,
William Isaac Swain, if they shall survive me, and subject to
the provisions hereinafter set forth in regard to my said son.

. . .

Article 3 further provides:

> Should my said son survive me, but not yet have attained 30 years of age at the time of my death, I direct that my personal representative deliver and convey my said son's share of my residuary estate to my friend, Robert L. "Roddy" Jones, in trust for the benefit of my said son. The net income derived from this trust and all or any part of the principal thereof may be paid to or applied for the benefit of my said son in such manner and at such intervals and in such amounts as my Trustee in his sole discretion shall from time to time deem necessary or appropriate in providing for the suitable support, maintenance, health, and education of my son until he shall attain the age of 30 years, and upon his attainment of the age of 30 years, the principal and accumulated income, if any, then constituting the trust shall be delivered and conveyed to him, discharged of the trust. Furthermore, after my said son has attained 22 years of age my Trustee may make advancements to him for the purpose of enabling him to make the downpayment on the purchase of a home, beginning a business which may provide him with a source of employment, or any other worthy endeavor. In deciding the amount and timing of distributions authorized hereunder, both prior to my said son's attainment of 22 years of age and thereafter, my Trustee shall bear in mind that my intention in creating this trust is to provide for the exclusive benefit of my said son and that the funds of this trust are to be used to supplement income otherwise available to provide for his needs.

> It is my preference, and to the extent that it is reasonably possible, I hereby direct that my Trustee shall not make distributions to my son's mother [defendant, Kimberly Swain] for his benefit, but shall pay such funds directly to the provider of the goods or services rendered to or for the benefit of my son.

On 30 January 1987 plaintiff, trustee, wrote a letter to defendant, Kimberly Swain, mother of William Isaac Swain, which stated:

Mrs. Kimberly Swain
1705 Oberlin Road
Raleigh, North Carolina  27608

Re: William E. Swain Estate

Dear Kimberly:

Since Bill's death in December, those of us responsible for various segments of his estate have diligently been working out the details to settle all the issues at hand. As you know, Bill owned three residential pieces of property, plus the commercial land on the corner of Powell Drive and Western Boulevard. It has now become clear that it will be necessary to liquidate and sell all these properties in order to satisfy various indebtedness that is encumbered on some of this land as well as to prepare for state and federal estate taxes.

I am pleased that we were able to allow you and Isaac to occupy the current dwelling at 1705 Oberlin Road for this period of time, since I consider it especially beneficial for Isaac after his father's death. However, I must at this time give you a one month's notice to secure additional housing for yourself and Isaac while we attempt to put this house on the market for sale.

It will be necessary that some remedial repair work take place regarding the sunken front porch during this period of time and we will work closely with you on scheduling any of this kind of activity. I will be happy to answer any questions in this regard and hope that you will understand the necessity for this action.

Best wishes.

Sincerely,

Robert L. Jones

cc: Larry Bolton, Attorney
    Maria Swain

On 16 April 1987, Margaret Blythe, as executrix of William E. Swain's estate, by special warranty deed, purported to convey her one-half undivided interest in land located at 1705 Oberlin Road to Robert L. Jones, as trustee for William Isaac Swain.

On 7 May 1987, attorney Charles L. Fulton, of Manning, Fulton & Skinner, wrote the following letter to defendant:

Mrs. Kimberly Swain
1705 Oberlin Road
Raleigh, North Carolina  27605
Re: Estate of William E. Swain
    (Our File T-11546)

Dear Mrs. Swain:

Title to the property at 1705 Oberlin Road has now been conveyed to Robert L. Jones as Trustee for William Isaac Swain under the will of William E. Swain. The deed conveying that property was recorded in the Wake County Registry on May 7, 1987.

This is to advise that Mr. Jones, Trustee, requires immediate possession of the dwelling at 1705 Oberlin Road, in order that he might do certain repair work to it and sell it in order to raise funds needed by the estate and by the trust.

You are accordingly requested to vacate the property immediately, having previously been given notice by letter dated January 30, 1987 to move within 30 days.

While Mr. Jones is reluctant to have this action taken, he feels that he cannot delay any longer because he is losing valuable time, particularly time during one of the best seasons for selling homes that we have in Raleigh. Unless you are out of the house by May 15, we are instructed to bring action to have you evicted, and we sincerely hope this will not be necessary. Please advise me or Mr. Jones as soon as possible when the house will be vacant so that they can make their plans to start working on it.

                    Sincerely yours,

                    MANNING, FULTON & SKINNER

                    Charles L. Fulton

cc: Mr. Robert L. Jones

In support of his motion for summary judgment in the summary ejectment proceeding, the trustee, Robert L. Jones, filed an affidavit containing the following pertinent statements:

3. William E. Swain's daughter, Marie Renee Swain, owns the other one-half interest in this property located at 1705 Oberlin Road.

4. William Isaac Swain's mother, Kimberly Swain, has resided at 1705 Oberlin Road since approximately August 1986 and has paid not [sic] rent during this period nor has any been requested from her. She is residing in the premises under no lease.

5. On January 30, 1987, I corresponded with Ms. Swain and advised her that, in my judgment, we needed to sell the home to raise funds to provide for the support for the minor child, Isaac. A copy of my letter is attached hereto as Exhibit C and incorporated by reference.

6. On May 7, 1987, my attorney again contacted Ms. Swain and advised her to vacant [sic] the premises. A copy of his letter is attached hereto as Exhibit D.

This the 16th day of July, 1987.

Defendant filed no evidentiary matter in opposition to the motion for summary judgment. The district court allowed plaintiff Robert L. Jones' motion for summary judgment and entered an order stating:

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that:

1. Summary judgment is granted in favor of the plaintiffs against the defendant and the defendant is ordered to vacate the premises located at 1705 Oberlin Road, Raleigh, North Carolina and surrender possession of the premises to the plaintiffs.

2. The plaintiffs are hereby awarded a writ for possession of the real properly [sic] located at 1705 Oberlin Road, Raleigh, North Carolina.

. . .

Defendant appealed.

*Manning, Fulton & Skinner, by Robert S. Shields, Jr., for plaintiffs, appellees.*

*Dan Lynn, for defendant, appellant.*

HEDRICK, Chief Judge.

The question before us is whether the district court had authority to enter summary judgment for plaintiffs summarily evicting defendant from the premises at 1705 Oberlin Road.

G.S. 42-26 states:

> Any tenant or lessee of any house or land, and the assigns under the tenant or legal representatives of such tenant or lessee, who holds over and continues in the possession of the demised premises, or any part thereof, without the permission of the landlord, and after demand made for its surrender, may be removed from such premises in the manner hereinafter prescribed in any of the following cases:

> (1) When a tenant in possession of real estate holds over after his term has expired.

> (2) When the tenant or lessee, or other person under him, has done or omitted any act by which, according to the stipulations of the lease, his estate has ceased.

> (3) When any tenant or lessee of lands or tenements, who is in arrears for rent or has agreed to cultivate the demised premises and to pay a part of the crop to be made thereon as rent, or who has given to the lessor a lien on such crop as a security for the rent, deserts the demised premises, and leaves them unoccupied and uncultivated.

Under this statute it is no longer necessary to allege that a landlord-tenant relationship exists between the parties as a jurisdictional matter, but it is still necessary to show that the relationship exists in order to bring the case within the provisions of this section before the summary ejectment remedy may be properly granted. *Chandler v. Savings and Loan Assoc.*, 24 N.C. App. 455, 211 S.E. 2d 484 (1975). The remedy given by G.S. 42-26 is restricted to the case where the relation between the parties is simply that of landlord and tenant. *Hauser v. Morrison*, 146 N.C. 248, 59 S.E. 693 (1907). Furthermore, G.S. 42-26 was only intended to apply to a case in which the tenant entered into possession under some contract or lease, either actual or implied, with the supposed landlord, or with some person under whom the landlord claimed in privity, or where the tenant himself is in

privity with some person who had so entered. *McCombs v. Wallace*, 66 N.C. 481 (1872).

The record before us discloses that defendant and her minor son, William Isaac Swain, have resided in the house at 1705 Oberlin Road since August 1986. Defendant and her son still live there. In his affidavit in support of his motion for summary judgment, the trustee, Robert L. Jones, states that "William Isaac Swain's mother, Kimberly Swain, has resided at 1705 Oberlin Road since approximately August 1986 and has paid not [sic] rent during this period nor has any been requested from her." Jones, in his affidavit, further states that defendant "is residing in the premises under no lease."

There is absolutely no evidence in this record that the trustee or Marie Renee Swain are "landlords" or that defendant is a "tenant." Furthermore, there is absolutely no evidence in this record that there was ever any contract or lease, actual or implied, between the parties or between defendant and a person under whom the plaintiffs claim in privity. Thus, the statute providing for summary ejectment, G.S. 42-26, has no application in this case and the district court therefore had no authority to enter summary judgment summarily ejecting defendant.

Our decision makes it unnecessary to discuss other defects appearing in the record with respect to plaintiffs' claim to summarily evict defendant. We point out, however, that the trustee has no authority to administer the estate of William E. Swain—that is the exclusive province of the executrix.

Summary judgment summarily evicting defendant from the premises at 1705 Oberlin Road is reversed, and the cause is remanded to the district court for the entry of an order dismissing plaintiffs' claim to summarily evict defendant.

Reversed and remanded.

Judges PHILLIPS and EAGLES concur.