CONCRETE SUPPLY COMPANY, PLAINTIFF v. RAMSEUR BAPTIST CHURCH, DEFENDANT AND THIRD-PARTY PLAINTIFF v. WILLIE T. HOWELL, THIRD-PARTY DEFENDANT

No. 8927DC52

(Filed 19 September 1989)

### Rules of Civil Procedure § 60.4— Rule 60 motion for relief—no appeal taken—motion denied

The trial court correctly denied defendant's motion for relief from a judgment under N.C.G.S. § 1A-1, Rule 60(b)(6) where defendant did not file an appeal from the judgment or make a motion for a new trial under N.C.G.S. § 1A-1, Rule 59. Motions under Rule 60(b)(6) are not to be used as a substitute for appeal and an erroneous judgment cannot be attacked under this clause.

APPEAL by Ramseur Baptist Church from *Hamrick (George W.), Judge.* Heard in the Court of Appeals 30 August 1989.

Ramseur Baptist Church entered into a contract with Willie T. Howell for the purpose of constructing a driveway and parking lot on its property. The total contract price was $12,450.85, inclusive of all labor and materials, including the concrete supplied by the plaintiff. He failed to pay plaintiff for its materials.

On July 28, 1987, plaintiff Concrete Supply Company filed a complaint against Ramseur Baptist Church seeking judgment in the amount of $6,434.60 for concrete materials furnished by plaintiff. On December 7, 1987 Ramseur Baptist Church was granted leave to file a third-party complaint against Willie T. Howell. Entry of default against Howell was made on January 20, 1988. On 20 February 1989 Judge Hamrick conducted a trial without a jury and made findings of fact and conclusions of law.

After hearing all of the evidence, the court entered judgment for the plaintiff against Ramseur Baptist Church in the amount of $6,434.60. The court further ordered that defendant Ramseur Baptist Church was entitled to recover $6,434.60 from Willie T. Howell. Ramseur Baptist Church did not file an appeal, but instead, on August 2, 1988, filed a motion for relief from the February 8, 1988 judgment pursuant to G.S. 1A-1, Rule 60(b)(6). In its motion, the Church argued that since it had paid Willie T. Howell all of

the monies due under their contract, plaintiff was not subrogated to the rights of Willie T. Howell (the principal contractor) and therefore could not collect its debt from Ramseur Baptist Church. *See* G.S. 2A-44A-18(1). On September 6, 1988 Judge Hamrick denied defendant's motion.

Defendant Ramseur Baptist Church appeals Judge Hamrick's denial of their Rule 60(b)(6) motion.

*Church, Paksoy & Wray, by Ali Paksoy, Jr., for plaintiff-appellee.*

*Brenda S. McLain for defendant-appellant.*

LEWIS, Judge.

Defendant Ramseur Baptist Church contests the denial of its motion under G.S. 1A-1, Rule 60(b)(6). Rule 60(b)(6) sets forth the grounds for granting relief from a judgment as follows:

> (b) Mistakes; inadvertence; excusable neglect; newly discovered evidence; fraud; etc.—On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: . . .

> (6) Any other reason justifying relief from the operation of the judgment.

> The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after judgment, order, or proceeding was entered or taken. . . .

Rule 60(b)(6) is equitable in nature. *Howell v. Howell*, 321 N.C. 87, 91, 361 S.E.2d 585, 587 (1987). This section empowers the court with the authority to set aside or modify a final judgment, order or proceeding whenever such action is necessary to do justice under the circumstances. *Id.* Relief under this rule is discretionary, and the only question for appellate review is whether the trial court abused its discretion in denying defendant's motion for relief from judgment. *Sawyer v. Goodman*, 63 N.C. App. 191, 193, 303 S.E.2d 632, 633, *cert. denied*, 309 N.C. 823, 310 S.E.2d 352 (1983).

Rule 60(b)(6) is not as broad as it first appears. While subsection (b)(6) has been described as a "grand reservoir" of equitable power to do justice in a particular case, it is not a "catch-all"

CONCRETE SUPPLY CO. v. RAMSEUR BAPTIST CHURCH

[95 N.C. App. 658 (1989)]

rule. *Standard Equipment Co., Inc. v. Albertson*, 35 N.C. App. 144, 147, 240 S.E.2d 499, 501 (1978). Although the Church's full payment of the contract price to Willie T. Howell would extinguish Concrete Supply's right to a materialman's lien on the church's property, Ramseur Baptist Church failed to assert this defense at trial and then failed to bring an appeal. "Motions under 60(b)(6), however, are not to be used as a substitute for appeal, and an erroneous judgment cannot be attacked under this clause." *Waters v. Qualified Personnel, Inc.*, 32 N.C. App. 548, 551, 233 S.E.2d 76, 78 (1977), *rev'd on other grounds*, 294 N.C. 200, 240 S.E.2d 338 (1978). If the trial court's findings of fact and conclusions of law were erroneous, Ramseur Baptist Church should have filed an appeal from the judgment or made a motion for a new trial under Rule 59. *See Waters, supra* (where we held that the only remedy from the judge's erroneous entry of summary judgment was by appeal to this Court). Since it did neither here, we must affirm.

Affirmed.

Chief Judge HEDRICK and Judge ORR concur.