COLLEGE HEIGHTS CREDIT UNION, PLAINTIFF(S) v. GEORGE BOYD AND WIFE, ALICE BOYD, DEFENDANT(S)

No. 9012DC1334

(Filed 5 November 1991)

**Ejectment § 5 (NCI4th) — property purchased at tax sale — summary ejectment — no subject matter jurisdiction**

The trial court lacked subject matter jurisdiction to hear a summary ejectment action and its judgment was vacated where the standard AOC summary ejectment form alleged that defendants had entered into the premises as a lessee of plaintiff, but also alleged that plaintiff had purchased the property from the I.R.S. and was seeking possession. The jurisdiction of a court in summary ejectment proceedings is purely statutory and may be exercised only in cases where the relationship of landlord and tenant exists and the tenant holds over after the expiration of his term or otherwise violates

the provisions of his lease. The evidence here shows that plaintiff acquired a quitclaim deed to defendants' property at a tax sale and attempted to quiet title or to establish title through a summary ejectment proceeding. There is no evidence which would support a finding of a landlord-tenant relationship between the parties. N.C.G.S. § 42-26.

**Am Jur 2d, Landlord and Tenant §§ 1232, 1236.**

APPEAL by defendants from judgment entered 24 April 1990 in CUMBERLAND County District Court by *Judge A. Elizabeth Keever* and from an order denying defendants' motion to have that judgment set aside which was entered 11 December 1990. Heard in the Court of Appeals 24 September 1991.

Plaintiff sought to summarily eject defendants from property which plaintiff claims to have title. This action was begun by the filing of a complaint and summons for summary ejectment. The complaint, on a standard AOC Summary Ejectment form, alleged that defendant[s] entered into the described premises as a lessee of plaintiff, but also alleged that "plaintiff purchase[d] [the] house and lot from [the] I.R.S. January 19th 1990 and now want possession." The complaint, dated and filed 27 March 1990, was served on 5 April 1990 by a standard AOC Magistrate Summons, clearly marked "For Use In Summary Ejectment Cases Only." The Magistrate's Court found this action beyond its jurisdiction and transferred it to the District Court of Cumberland County.

No answer was filed by defendants and a trial was held before Judge Keever on 23 April 1990, eighteen days after service of complaint and summons. All of the evidence presented at trial tended to show that defendants, George and Alice Boyd, lived in a house in Hope Mills, North Carolina. In July 1989, plaintiff, College Heights Credit Union, was present at a tax sale conducted by the Internal Revenue Service (I.R.S.), when defendants' house was placed for sale by the I.R.S. to recover back taxes owed by them. Plaintiff bid upon and received a quitclaim deed from the I.R.S. to defendants' house in Hope Mills. Plaintiff informed defendants of the deed they held to their house and asked them to leave the premises. Defendants refused and plaintiff filed this action in summary ejectment. The District Court of Cumberland County entered judgment finding and concluding that College Heights Credit Union had acquired title to defendants' property and ordered de-

fendants to vacate. Following the trial court's decision, defendants moved for a new trial and requested rehearing of the motion for a new trial pursuant to Rule 59 of the North Carolina Rules of Civil Procedure. These motions were denied by the trial court. Defendants appeal.

*Mitchel E. Gadsen for plaintiff-appellee.*

*Charles E. Sweeny for defendant-appellants.*

WELLS, Judge.

We note at the outset that the trial court lacked subject matter jurisdiction to hear this action and vacate the judgment of the trial court. We therefore confine our discussion of the case to this narrow issue and do not reach defendants' assignments of error asserting their entitlement to a new trial.

N.C. Gen. Stat. § 42-26 governs actions in summary ejectment. This statute states:

Any tenant or lessee of any house or land, and the assigns under the tenant or legal representatives of such tenant or lessee, who holds over and continues in the possession of the demised premises, or any part thereof, without the permission of the landlord, and after demand made for its surrender, may be removed from such premises in the manner hereinafter prescribed in any of the following cases:

(1) When a tenant in possession of real estate holds over after his term has expired.

(2) When the tenant or lessee, or other person under him, has done or omitted any act by which, according to the stipulations of the lease, his estate has ceased.

(3) When any tenant or lessee of lands or tenements, who is in arrear for rent or has agreed to cultivate the demised premises and to pay a part of the crop to be made thereon as rent, or who has given to the lessor a lien on such crop as a security for the rent, deserts the demised premises, and leaves them unoccupied and uncultivated.

Regarding the jurisdictional application of this statute, this Court held in *Jones v. Swain*, 89 N.C. App. 663, 367 S.E.2d 136 (1988) that,

COLLEGE HEIGHTS CREDIT UNION v. BOYD

[104 N.C. App. 494 (1991)]

under this statute it is no longer necessary to allege that a landlord-tenant relationship exists between the parties as a jurisdictional matter, but it is still necessary to show that the relationship exists in order to bring the case within the provisions of this section before the summary ejectment remedy may be properly granted. (Citation omitted).

The remedy provided by N.C. Gen. Stat. § 42-26 is restricted to cases where the relation between the parties is simply that of landlord and tenant. *Hauser v. Morrison,* 146 N.C. 248, 59 S.E. 693 (1907); *Jones, supra.* The jurisdiction of a court in summary ejectment proceedings is purely statutory and may be exercised only in cases where the relationship of landlord and tenant exists, and the tenant holds over after the expiration of his term, or has otherwise violated the provisions of his lease. *Howell v. Branson,* 226 N.C. 264, 37 S.E.2d 678 (1946); *Jones, supra.*

It is clear that the trial court lacked jurisdiction to decide the issue of title or to order ejectment in this case. There was no evidence presented by either party which would support a finding of a landlord-tenant relationship between the parties. There is no evidence of any contract or lease between the parties concerning the leasing or occupancy of this property. The evidence shows that plaintiff acquired a quitclaim deed to defendants' property at a tax sale. Plaintiff then attempted to quiet title or to establish title to this property through a summary ejectment proceeding. This is simply the wrong action to quiet title and the wrong circumstances under which to bring an action in summary ejectment.

For the reasons stated, we vacate the judgment of the trial court.

Judgment vacated.

Judge PARKER concurs in the result.

Judge WYNN concurs.