LAWRENCE AND KATHLEEN BROWN, PLAINTIFFS v. FOREMOST AFFILIATED INSURANCE SERVICES, INC. A/K/A FOREMOST SIGNATURE INSURANCE COMPANY, A FOREIGN CORPORATION DOING BUSINESS IN THE STATE OF NORTH CAROLINA, DEFENDANT

No. COA02-817

(Filed 1 July 2003)

**1. Discovery— admissions—not timely answered—deemed admitted—summary judgment for defendant**

Defendant's requested admissions were deemed admitted where plaintiffs' attorney did not prepare responses or forward the requests to plaintiffs within the time required to avoid admission under N.C.G.S. § 1A-1, Rule 36(a). The trial judge correctly granted defendant's motion for summary judgment because the admissions established that defendant had fulfilled its obligations under the insurance contract and that plaintiffs' claims for bad faith and unfair and deceptive trade practices were frivolous.

**2. Civil Procedure— Rule 60(b) motion—findings not requested—attorney's negligence not excusable**

The trial court's failure to find facts when denying plaintiffs' Rule 60(b) motion for relief was not an abuse of discretion where

plaintiffs did not request findings. Moreover, there was no basis for granting the motion because it was predicated on the errors of their attorney; an attorney's negligence cannot amount to excusable neglect for a Rule 60(b) motion.

Appeal by plaintiffs from judgment entered 1 October 2001 by Judge James L. Baker, Jr. in Henderson County Superior Court. Heard in the Court of Appeals 20 February 2003.

*James Michael Lloyd, P.A., by James Michael Lloyd, for plaintiff-appellants.*

*Golding, Holden, Pope & Baker, L.L.P., by Lisa F. Schwanz, for defendant-appellee.*

HUDSON, Judge.

Plaintiffs Larry and Kathleen Brown ("Browns") sued to recover from defendant Foremost Affiliated Insurance Services, Inc. ("Foremost") for damages to their mobile home under their homeowners insurance policy. The Browns also alleged claims for bad faith and unfair and deceptive trade practices. Foremost filed an answer and then served requests for admissions upon the Browns. The Browns failed to respond, and the facts contained in the requests were deemed admitted. Foremost then moved for summary judgment, which the superior court granted. For the reasons set forth below, we affirm the superior court.

## BACKGROUND

The Browns owned a 1,532 square foot manufactured home, appraised in July 1998 at $48,250.00, that was located on rental property. In 1998, they purchased a parcel of real property to which they planned to move their home. The Browns alleged that they purchased, in July 1998, a "mobile home owners" insurance policy from Foremost and that, in December 1998, they purchased a change in coverage that insured the home for $44,862.00. The policy also included a rider for trip coverage for the period during which they planned to move their home.

The Browns moved their home in December 1998. They contended that their home was damaged during the move and filed a claim with Foremost. The parties reached a partial settlement in April 2000, pursuant to which the Browns received $16,869.05. Moreover, the Browns reserved their right to additional payments for hidden

damages and for damages to the structure unknown at that time. After repeated inspections and attempts to correct structural damage to the home, Foremost acknowledged that the home was beyond repair but disputed its value. Foremost did not enter into a final settlement with the Browns and refused to pay the balance of the value of the home that they demanded. The Browns filed suit.

In their complaint, the Browns alleged that Foremost had failed and refused to pay them as provided under their policy. They also alleged that Foremost had acted in bad faith and had engaged in unfair and deceptive trade practices. In February 2001, counsel for Foremost served the Browns' attorney at the time with Defendant's First Set of Requests for Admissions to the Plaintiffs. The Browns' attorney, John MacLeod Tutterow, did not forward the requests to the Browns nor did he himself prepare any responses. Mr. Tutterow also failed to obtain an extension of time to respond to the requests. (Mr. Tutterow no longer represents the Browns.) Thus, the requests for admissions were deemed admitted by 1 April 2001, pursuant to Rule 36 of the North Carolina Rules of Civil Procedure.

In May 2001, Mr. Tutterow forwarded to the Browns a copy of Foremost's requests for admissions but did not mention that the responses were already past due and were deemed admitted. The Browns returned their responses to Mr. Tutterow within thirty days, although the record indicates that he failed to file or serve the responses at that time.

Foremost filed a motion for summary judgment in August 2001, contending that the Browns' admissions had become conclusively established facts in the case and therefore constituted a valid basis for summary judgment. Also in August 2001, Mr. Tutterow prepared responses to Foremost's request for admissions. On 10 September 2001, Mr. Tutterow had Mrs. Brown verify the responses to the admissions. There is no indication, however, that he filed these responses with the trial court prior to the summary judgment hearing.

The court heard Foremost's motion for summary judgment on 17 September 2001. At that time, Mr. Tutterow filed no affidavits or other documents on the Browns' behalf, nor did he move to have the admissions withdrawn or amended prior to the hearing. On 20 September 2001, the court granted summary judgment, and the order was filed and entered on 1 October 2001.

On 19 October 2001, the Browns filed a motion pursuant to North Carolina Rule of Civil Procedure 60(b) for relief from final judgment

together with an affidavit in which Mr. Tutterow described his difficulties in communicating with his clients. At the hearing on 7 February 2002, the Browns learned for the first time that Mr. Tutterow had not obtained any enlargements of time to respond to Foremost's requests for admissions, contrary to what Mr. Tutterow had led them to believe. Although Mr. Brown asked the court to allow him to testify, the court refused the request. On 11 March 2002, the court denied the Browns' motion.

The Browns now appeal.

ANALYSIS

A.

**[1]** The Browns concede that the trial court properly considered their deemed admissions resulting from their failure to respond to Foremost's requests. They argue, however, that the admissions failed to establish the lack of any genuine issue of material fact. We disagree.

Pursuant to Rule 36(a) of the North Carolina Rules of Civil Procedure, when a written request for admissions is properly served upon a party to a lawsuit:

> [t]he matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by his attorney.

N.C.G.S. § 1A-1, Rule 36(a) (1990). Any matter "admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission." N.C. Gen. Stat. § 1A-1, Rule 36(b). Facts that are admitted under Rule 36(b) are sufficient to support a grant of summary judgment. *Goins v. Puleo*, 350 N.C. 277, 280, 512 S.E.2d 748, 750 (1999).

Here, the contract of insurance between the parties provided as follows:

> If settlement can't be agreed to, then both [the Browns] and [Foremost] have the right to select a competent and disinterested appraiser within 20 days from the date of disagreement. The

appraisers will select an umpire. The appraisers will determine the amount of the loss. If they don't agree, then each appraiser will submit his amount of loss to the umpire. The agreement of any two will determine the amount of the loss. [The Browns] pay [their] appraiser and [Foremost] pays [its] appraiser.

In the request for admissions, Foremost requested that the Browns admit (1) that the parties submitted the controversy to appraisers; (2) that the appraisers agreed, on or about 4 November 1999, to an award of $16,969 to the Browns; (3) that the Browns were issued a check in January 2000 and a replacement check in April 2000 for $16,869; (4) that the Browns retained the check; (5) that the Browns previously had been paid the maximum limit of liability for additional living expenses under the policy; and (6) that the Browns had previously received checks from Foremost in the aggregate sum of $4774.78, plus an additional check for $219. We conclude that these admissions establish that Foremost fulfilled its obligations under the terms of the contract of insurance.

Further, Foremost requested that the Browns admit that their claims for bad faith and for unfair and deceptive trade practices were frivolous and groundless upon information known to them at the time of the filing of the complaint. Because these statements also are deemed admitted, we see no genuine issue of material fact with regard to these claims.

Summary judgment is properly entered in favor of the moving party if the movant establishes that an essential element of the opposing party's claim is nonexistent. *Goins*, 350 N.C. at 281, 512 S.E.2d at 751. One of the essential elements of a claim for breach of contract is that the defendant breached the terms of that contract. Because the Browns were deemed to have admitted that Foremost did not breach the contract, the court was required to grant Foremost's motion and enter an order of summary judgment in its favor. The same analysis applies to the claims involving bad faith and unfair and deceptive trade practices.

We acknowledge that the entry of summary judgment in favor of Foremost may appear to lead to a harsh result. *Goins*, 350 N.C. at 281, 512 S.E.2d at 751. "Nevertheless, the Rules of Civil Procedure promote the orderly and uniform administration of justice, and all litigants are entitled to rely on them." *Id.* Therefore, the "rules must be applied equally to all parties to a lawsuit." *Id.*

## B.

**[2]** The Browns also contend that the trial court erred when it failed to make findings of fact in its order denying the Rule 60(b) motion. Again we disagree.

On appeal, a trial court's ruling on a Rule 60(b) motion is reviewable only for an abuse of discretion. *Coppley v. Coppley*, 128 N.C. App. 658, 663, 496 S.E.2d 611, 616, *disc. review denied*, 348 N.C. 281, 502 S.E.2d 846 (1998). Abuse of discretion is shown when the court's decision is "manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision." *State v. McDonald*, 130 N.C. App. 263, 267, 502 S.E.2d 409, 413 (1998) (citation and quotation marks omitted).

Here, the Browns failed to specify why the court's ruling constituted an abuse of discretion. Rather, they argue that the trial court should be reversed for failing to make findings of fact in its order. A trial court, however, is not required to make findings of fact absent a party's request. *Gibson v. Mena*, 144 N.C. App. 125, 128, 548 S.E.2d 745, 747 (2001); N.C. Gen. Stat. § 1A-1, Rule 52(a)(2). Our Supreme Court consistently has held that when a trial court is not required to find facts, and does not do so, it is presumed that the court on proper evidence implicitly found facts to supports its judgment. *Watkins v. Hellings*, 321 N.C. 78, 82, 361 S.E.2d 568, 571 (1987). "We leave it to the discretion of the trial judge whether to make a finding of fact if a party does not choose to compel a finding through the simple mechanism of so requesting." *Id.* ·

Here, the Browns failed to request that the trial court find facts in its order denying the Rule 60(b) motion. Accordingly, based on *Watkins*, we presume as a matter of law that the trial court discerned the necessary facts, on proper evidence, and that it correctly denied the Rule 60(b) motion.

In addition, we see no basis for granting the Browns' motion. The motion was predicated on the errors of the Browns' former counsel. Our courts consistently have held that an attorney's negligence cannot amount to excusable neglect for the purposes of a Rule 60(b) motion. *Briley v. Farabow*, 348 N.C. 537, 546, 501 S.E.2d 649, 655 (1998) ("[C]learly, an attorney's negligence in handling a case constitutes inexcusable neglect and should not be grounds for relief under the 'excusable neglect' provision of Rule 60(b)(1)."). Allowing an attorney's negligence to be a basis for providing relief from orders would encourage such negligence and "present a temptation for liti-

gants to use the negligence as an excuse to avoid court-imposed rules and deadlines." *Id.*

In sum, the trial court did not err in refusing to grant the Browns' motion for relief pursuant to Rule 60(b).

## CONCLUSION

For the reasons set forth above, we affirm the decision of the trial court.

Affirmed.

Judges McGEE and STEELMAN concur.