ADAMS v. WOODS

[169 N.C. App. 242 (2005)]

———————————————

WILLIE R. ADAMS AND PERGENIA KNIGHT, PLAINTIFFS-APPELLEES V.
PRISCILLA WOODS AND ROBERT WOODS, DEFENDANTS-APPELLANTS

No. COA04-151

(Filed 15 March 2005)

**Landlord and Tenant— summary ejectment action—change of ownership—no agreement with new owner**

The trial court erred by ordering defendants to surrender possession of the property in a summary ejectment action where the property had changed hands and there was no evidence that defendants had entered into any lease with plaintiff, the new owner. Plaintiff's remedy is a trespass action.

Appeal by defendants from judgment entered 29 October 2003 by Judge William G. Stewart in Wilson County District Court. Heard in the Court of Appeals 30 November 2004.

*No brief for pro se, plaintiffs-appellees.*

*Priscilla Woods and Robert Woods, pro se, defendants-appellants.*

ELMORE, Judge.

Priscilla Woods and Robert Woods (defendants) appeal a judgment from the district court ordering defendants to surrender possession of their residence to Willie R. Adams (plaintiff).

Pursuant to a month-to-month lease agreement, defendants occupied a house at 5011 Highway 301 South in Lucama, North Carolina. Defendants demanded that the lessor, Zedechia Worrells, make repairs to the property. Mr. Worrells refused to make the specified repairs and then sold the property to plaintiff without giving notice to defendants. Plaintiff and defendants did not enter into any leasing agreement, but plaintiff sought to collect rent from defendants at the same rate as defendants had paid prior to the change in ownership. When defendants refused to pay any rent, plaintiff initiated a summary ejectment proceeding in the small claims division of Wilson County District Court.[1] Plaintiff's complaint consisted of the AOC-CVM-201 standard form, "Complaint In Summary Ejectment." The magistrate found for plaintiff and ordered defendants to vacate the property and pay $2,400.00 in back rent. Defendants appealed from the magistrate's judgment to the district court for a trial *de novo*. The district court concluded that plaintiff was not entitled to recover back rent from defendants because there was no enforceable contract between the parties. However, the court ordered defendants to surrender possession of the property to plaintiff. From this 28 October 2003 judgment of the district court, defendants appeal.

Defendants contend that the district court erred in failing to dismiss the action for lack of subject matter jurisdiction. The issue of subject matter jurisdiction may be raised at any stage of a proceeding. *Wood v. Guilford Cty.*, 355 N.C. 161, 164, 558 S.E.2d 490, 493 (2002). Thus, we must determine whether the district court had juris-

---

1. Defendants have included within the record on appeal an affidavit stating that plaintiff filed a series of summary ejectment complaints: The first action, case number 01 CVM 1206, was dismissed with prejudice by the magistrate. The second action, case number 01 CVM 4511, resulted in an involuntary dismissal for failure of plaintiff to appear in court. The third action, case number 03 CVM 2204, was dismissed with prejudice. The fourth action, case number 03 CVM 3662, is the subject of this appeal and the judgment therein is contained in the record.

diction to decide the summary ejectment action. The summary eject-ment remedy provided for in N.C. Gen. Stat. § 42-26 is restricted to situations where the relationship of landlord and tenant exists. *Jones v. Swain*, 89 N.C. App. 663, 668, 367 S.E.2d 136, 138-39 (1988). The district court has jurisdiction to hear a summary ejectment proceed-ing even if the plaintiff does not allege a landlord-tenant relationship in the complaint, but this relationship *must be proven* in order for the plaintiff's remedy to be granted. *Id.* (emphasis added) (citing *Chandler v. Savings and Loan Assoc.*, 24 N.C. App. 455, 211 S.E.2d 484 (1975)). If the record lacks evidence to support a finding of a landlord-tenant relationship, the court must dismiss the plaintiff's cause of action. *See Hayes v. Turner*, 98 N.C. App. 451, 454-55, 391 S.E.2d 513, 515 (1990).

Here, the Complaint In Summary Ejectment alleges that defend-ants entered into possession of the property as a lessee of plaintiff. Plaintiffs assert that defendants entered into a month-to-month oral lease, with rent due on the first of each month. However, the district court found that "[t]he Plaintiff, Mr. Adams, and the Defendants never entered into any lease agreement." Therefore, the court concluded that "[t]here was never any enforceable contract between the Plaintiff and the Defendants." The district court's finding of this fact is deemed conclusive on appeal, as plaintiff has not assigned error to it.[2] As noted above, the jurisdiction of a court in summary ejectment proceedings is derived from N.C. Gen. Stat. § 42-26. Where, as here, the plaintiff fails to prove the existence of a landlord-tenant relation-ship, the district court lacks jurisdiction to enter judgment in the pro-ceeding. *See Jones*, 89 N.C. App. at 668-69, 367 S.E.2d at 138-39.

Our decision is bolstered by a similar determination by this Court in *College Heights Credit Union v. Boyd*, 104 N.C. App. 494, 409 S.E.2d 742 (1991). In *College Heights*, the plaintiff sought to summar-ily evict the defendants from property to which the plaintiff claimed to have title. The plaintiff filed a standard AOC Summary Ejectment form, alleging that the parties had entered into a lease agreement. The evidence at trial contradicted the plaintiff's allegation of the existence of a lease agreement; the evidence showed that the plaintiff had acquired title to the property through a tax sale purchase. Nonetheless, the district court granted the relief requested by the plaintiff in the summary ejectment proceeding. In vacating the judg-ment of the district court, this Court stated as follows:

---

2. Plaintiff has chosen not to file a brief with this Court and thus has not raised any assignments of error.

**IN RE D.A., Q.A., & T.A.**

[169 N.C. App. 245 (2005)]

It is clear that the trial court lacked jurisdiction to decide the issue of title or to order ejectment in this case. There was no evidence presented by either party which would support a finding of a landlord-tenant relationship between the parties. There is no evidence of any contract or lease between the parties concerning the leasing or occupancy of this property. . . . This is simply the wrong action to quiet title and the wrong circumstances under which to bring an action in summary ejectment.

*Id.*, 104 N.C. App. at 497, 409 S.E.2d at 743. Likewise, here, there is simply no evidence that defendants entered into any lease agreement with plaintiff. We note that plaintiff is not without remedy; as rightful owner of the property, he may file a trespass action against defendants for invasion of his possessory rights. *See Barnard v. Rowland*, 132 N.C. App. 416, 422, 512 S.E.2d 458, 463 (1999). For the foregoing reasons, we vacate the judgment of the district court and remand for dismissal of the summary ejectment action.

Vacated and remanded.

Judges WYNN and HUDSON concur.