DIETZ, Judge.
Plaintiffs Ralph Foster and Shyvonne Steed-Foster appeal the trial court's orders dismissing their claims under Rule 12(b)(6) and denying their Rule 60(b) motion for relief from the Rule 12(b)(6) order.
As explained below, Plaintiffs' appeal from the underlying Rule 12(b)(6) order is not timely and we dismiss that portion of the appeal for lack of appellate jurisdiction. We affirm the trial court's denial of Plaintiffs' Rule 60(b)(6) motion because, applying the appropriate standard of review, the trial court's ruling was well within its sound discretion.
Facts and Procedural History
In 2010, Plaintiffs Ralph Foster and Shyvonne Steed-Foster obtained a home mortgage loan, secured by a deed of trust. In 2012, Plaintiffs defaulted on their loan payments. Defendant Wells Fargo later sought to foreclose on the deed of trust, with Defendant Shapiro & Ingle serving as substitute trustee. In re Foreclosure of Foster , 239 N.C. App. 308, 768 S.E.2d 870 (2015).
In response to the foreclosure, Plaintiffs launched a series of legal actions, including a lawsuit against Defendants in federal court and a separate bankruptcy action. These proceedings ultimately were dismissed.
Then, in July 2017, Plaintiffs filed this action, asserting various claims against Defendants related to an unsuccessful foreclosure attempt in 2012 and a pending foreclosure proceeding from 2016. Plaintiffs alleged violations of state and federal law governing foreclosures and debt collection. Both Wells Fargo and Shapiro & Ingle moved to dismiss the complaint under Rule 12(b)(6).
In response to the motions to dismiss, Plaintiffs filed an amended complaint on 17 October 2017. Plaintiffs served that amended complaint at an address in Iowa rather than to Wells Fargo's counsel of record. On 8 November 2017, Shapiro & Ingle filed a motion to dismiss the amended complaint and noticed the motion for a hearing on 12 December 2017. Wells Fargo then noticed a hearing on its original motion to dismiss at the same time as Shapiro & Ingle's motion.
On 12 December 2017, the trial court heard Defendants' motions to dismiss. Plaintiffs argued that the court should deny Wells Fargo's motion to dismiss because that motion was mooted when Plaintiffs filed their amended complaint. Wells Fargo responded that it never received the amended complaint and orally moved to dismiss it, arguing that the amended complaint should be dismissed for the same reasons as the original complaint. The trial court permitted Wells Fargo to orally move to dismiss the amended complaint. Later that same day, the trial court entered its written order granting Defendants' Rule 12(b)(6) motions. Wells Fargo served the orders on Plaintiffs that same day.
Over the next several months, Plaintiffs filed a series of Rule 60 motions seeking relief from the trial court's Rule 12(b)(6) dismissal. On 10 April 2018, the trial court entered an order denying Plaintiffs' request for relief under Rule 60. On 24 April 2018, Plaintiffs filed a notice of appeal from both the order denying their Rule 60(b) motion and from the 12 December 2017 order dismissing their complaint under Rule 12(b)(6).
Analysis
I. Jurisdiction over appeal from the Rule 12(b)(6) Dismissal
We first examine our jurisdiction to hear Plaintiffs' appeal from the trial court's order dismissing their claims under Rule 12(b)(6). A notice of appeal in a civil action must be filed "within thirty days after entry of judgment if the party has been served with a copy of the judgment within the three-day period prescribed by Rule 58 of the Rules of Civil Procedure." N.C. R. App. P. 3(c)(1). This deadline is jurisdictional; if the appellant fails to appeal within the time period established in Rule 3 of the Rules of Appellate Procedure, this Court lacks the power to hear the appeal. Dogwood Dev. & Mgmt. Co. v. White Oak Transp. Co. , 362 N.C. 191, 197, 657 S.E.2d 361, 365 (2008).
Importantly, "[m]otions entered pursuant to Rule 60 do not toll the time for filing a notice of appeal." Wallis v. Cambron , 194 N.C. App. 190, 193, 670 S.E.2d 239, 241 (2008). Thus, when a party files a Rule 60(b) motion seeking relief from an order or judgment, and does not appeal the underlying order or judgment within 30 days, this Court must dismiss the appeal from the underlying order or judgment. Sea Ranch II Owners Ass'n, Inc. v. Sea Ranch II, Inc. , 180 N.C. App. 226, 228-29, 636 S.E.2d 332, 333-34 (2006).
Here, the trial court dismissed Plaintiffs' complaint on 12 December 2017 and Plaintiffs were served with a copy of the court's order that same day. Plaintiffs did not appeal that order within 30 days. Instead, they appealed more than four months later, on 24 April 2018, after the court ruled on their Rule 60(b) motion. Accordingly, Plaintiffs' appeal of the underlying Rule 12(b)(6) order is untimely and we lack appellate jurisdiction to consider it. We therefore dismiss that portion of Plaintiffs' appeal.
II. Appeal from denial of the Rule 60(b) motion
Unlike Plaintiffs' appeal of the underlying order, their appeal from the trial court's denial of their Rule 60(b) is timely. But on this issue Plaintiffs face an insurmountable barrier in the form of the standard of review.
"[A] motion for relief under Rule 60(b) is addressed to the sound discretion of the trial court and appellate review is limited to determining whether the court abused its discretion." Sink v. Easter , 288 N.C. 183, 198, 217 S.E.2d 532, 541 (1975). A trial court abuses its discretion when its ruling is "manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision." Brown v. Foremost Affiliated Ins. Servs. Inc. , 158 N.C. App. 727, 732, 582 S.E.2d 335, 339 (2003).
Under Rule 60(b)(6), "a judgment may be set aside for any reason justifying relief from the operation of the judgment." Piedmont Rebar, Inc. v. Sun Constr., Inc. , 150 N.C. App. 573, 575, 564 S.E.2d 281, 283 (2002). But "Rule 60(b)(6) is not as broad as it first appears. While subsection (b)(6) has been described as a 'grand reservoir' of equitable power to do justice in a particular case, it is not a 'catch-all.' " Concrete Supply Co. v. Ramseur Baptist Church , 95 N.C. App. 658, 659, 383 S.E.2d 222, 223 (1989). "The setting aside of a judgment pursuant to G.S. 1A-1, Rule 60(b)(6) should only take place where (i) extraordinary circumstances exist and (ii) there is a showing that justice demands it. This test is two-pronged, and relief should be forthcoming only where both requisites exist." Chandak v. Elec. Interconnect Corp. , 144 N.C. App. 258, 265, 550 S.E.2d 25, 30 (2001). Moreover, Rule 60(b)(6) motions "are not to be used as a substitute for appeal, and an erroneous judgment cannot be attacked under this clause." Concrete Supply Co. , 95 N.C. App. at 660, 383 S.E.2d at 223.
Here, Plaintiffs' Rule 60(b) motion failed to allege any "extraordinary circumstances" justifying relief from the trial court's dismissal order under Rule 60(b)(6). Chandak , 144 N.C. App. at 265, 550 S.E.2d at 30. In their motion, Plaintiffs simply reargued issues they could have-and did-assert to the trial court to oppose the Rule 12(b)(6) motion, including their claim that the motion was procedurally improper. The trial court's determination that these arguments did not show the sort of extraordinary circumstances for which justice would demand relief was a reasoned decision that was well within the trial court's sound discretion. Accordingly, we affirm the trial court's denial of Plaintiffs' Rule 60(b)(6) motion.
Conclusion
For the reasons discussed above, we dismiss Plaintiffs' appeal from the trial court's Rule 12(b)(6) order and we affirm the trial court's order denying Plaintiffs' Rule 60(b) motion.
DISMISSED IN PART; AFFIRMED IN PART.
Report per Rule 30(e).
Judges STROUD and MURPHY concur.