IN THE COURT OF APPEALS OF NORTH CAROLINA

2022-NCCOA-710

No. COA22-46

Filed 1 November 2022

Haywood County, No. 20 CVD 725

LOUEVE, LLC, Plaintiff,

v.

TERRY RAMEY, Defendant.

Appeal by defendant from judgment entered 22 April 2021 and order entered 27 April 2021 by Judge Donna Forga and order entered 1 July 2021 by Judge Thomas G. Foster, Jr., in Haywood County District Court. Heard in the Court of Appeals 23 August 2022.

*Matney & Associates, P.A., by David E. Matney, III, for plaintiff-appellee.*

*Ferikes & Bleynat, PLLC, by Edward L. Bleynat, Jr., and Matthew J. Giangrosso, for defendant-appellant.*

DIETZ, Judge.

¶ 1 Defendant Terry Ramey appeals from the trial court's orders granting a motion for summary judgment against him, awarding attorneys' fees against him, and denying his motion for relief from those orders under Rule 60(b).

¶ 2 As explained below, although Ramey addressed the merits of all three orders in his appellant's brief, Ramey's notice of appeal only referenced the denial of the Rule 60 motion.

¶ 3        Ramey also petitioned for a writ of certiorari, asking this Court to address the other orders for which he did not file a notice of appeal. Because this civil case does not involve the sort of extraordinary circumstances justifying a writ of certiorari, we deny the petition and address only Ramey's appeal from the Rule 60(b) order. Under the narrow standard of review applicable to that issue, we hold that the trial court was within its sound discretion to deny relief under Rule 60(b) and therefore affirm the trial court's order. We decline to address Ramey's argument concerning the trial court's subject matter jurisdiction because that issue involves fact questions that must be presented to the trial court through an appropriate motion under Rule 60.

**Facts and Procedural History**

¶ 4        In 2016, Defendant Terry Ramey entered into an oral month-to-month lease with Lou Roman to rent property owned by Plaintiff LouEve, LLC. After Roman's death in December 2019, Ramey ceased making rent payments. In February 2020, Ramey received notice of lease termination from LouEve, demanding that Ramey vacate the property on or before 29 February 2020.

¶ 5        In May 2020, LouEve filed this summary ejectment action. Following a hearing in small claims court, a magistrate dismissed LouEve's complaint and LouEve appealed to Haywood County district court.

¶ 6        In September 2020, the trial court held a hearing and entered judgment in favor of LouEve, ordering Ramey to pay $9,000 in rent arrears and vacate the

property. Ramey was not present at the hearing and did not put on a defense.

¶ 7 Ramey later filed a motion for a new trial and relief from the judgment asserting that he "did not receive the notice of hearing, was not aware of the time or date of the hearing and was not present in court." The trial court granted the motion, vacated the judgment, and ordered a new trial during the next available session of court.

¶ 8 LouEve again filed a motion for summary judgment in January 2021. LouEve initially set a hearing on the motion for 22 February 2021 and sent notice of the hearing to Ramey, but the trial court continued the hearing to 29 March 2021 at Ramey's request. The court later continued the hearing again, without setting a new hearing date. Then, on 5 April 2021, the trial court issued a calendar setting the hearing on LouEve's motion for summary judgment for 13 April 2021.

¶ 9 During this time period, as courts addressed the impact of the COVID pandemic, the Haywood County district court had a standing order or memorandum stating that there would be no in-court calendar calls to set hearing dates for trials and other matters. Instead, for each term of court, the trial court published a calendar listing the cases that would be heard during that term with the applicable dates and times of hearings. The trial court notified parties in pending cases of these calendars by sending an email to counsel.

¶ 10 As Ramey's counsel later explained to the trial court, counsel was on secured

leave on 5 April 2021, the day the trial court sent the email with the calendar setting

this matter for a hearing. As counsel further explained, the staff person at counsel's

office responsible for reviewing the calendars overlooked the addition of this case to

the calendar:

> During this vacation on April 5th, the first day that I was
> on secured leave, Haywood County district court published
> this district court calendar with -- well, first they published
> the calendar where these matters did not appear. We did
> get that calendar in my office, and our administrative staff
> person looked at it and said there's nothing on here for any
> of the attorneys in our firm, okay.
>
> Later that day, at 2:54 p.m., they published an amended
> calendar, and our administrative staff looked at it again
> and said, oh, this is the one we got earlier, glanced at it
> quickly, said there's nothing on here for any attorneys.
>
> Unfortunately, our staff person missed the fact that these
> two matters were added on to that amended calendar that,
> again, was published on April 5th around 3:00 p.m. the day
> the trial court issued the calendar for 13 April 2021.

¶ 11        On 13 April 2021, the trial court held the scheduled hearing. Ramey and his

counsel again were not present and did not put on a defense.

¶ 12        On 22 April 2021, the trial court entered an order granting LouEve's motion

for summary judgment. The trial court ordered Ramey to vacate the property within

ten days and to pay LouEve "$1000 for each month from and including the month of

January 2020, through April 2021, and continuing on through and including each

month until Defendant has removed all his property." On 27 April 2021, the trial

court entered an order awarding LouEve attorneys' fees.

¶ 13      Ramey did not appeal the trial court's judgment or the award of attorneys' fees. Instead, on 3 May 2021, Ramey filed a Rule 60(b) motion for relief from the trial court's orders on the ground that he did not receive proper notice of the summary judgment hearing. Later, on 29 June 2021, Ramey filed a motion to dismiss the proceeding for lack of subject matter jurisdiction, arguing that LouEve was not a party to the oral lease agreement. The motion further asserted that the case was moot because Ramey already had vacated the property. There is no indication in the record that the trial court ruled on this motion.

¶ 14      After a hearing, the trial court entered an order denying the Rule 60(b) motion. Ramey timely appealed this order, stating in the notice of appeal that the appeal was "from the Order Denying Defendant's Motion for Relief From Judgment and Order (Rule 60) entered on 1 July 2021."

## Analysis

### I.    Appeal from the summary judgment and attorneys' fees orders

¶ 15      We begin by addressing Ramey's attempt to appeal from the trial court's summary judgment order and corresponding attorneys' fees order. Ramey acknowledges that he did not file a notice of appeal from these two orders. Nevertheless, he fully briefed the issues in his appellant's brief and filed a petition for a writ of certiorari together with his appellant's brief, asking this Court to review

the merits of those two orders.

¶ 16 Ramey correctly acknowledges that we lack appellate jurisdiction to review these two orders absent use of an extraordinary writ. *Raymond v. Raymond*, 257 N.C. App. 700, 703, 811 S.E.2d 168, 170 (2018). The failure to timely file a notice of appeal is a jurisdictional default which "precludes the appellate court from acting in any manner other than to dismiss the appeal." *Dogwood Dev. & Mgmt. Co. v. White Oak Transp. Co.*, 362 N.C. 191, 197, 657 S.E.2d 361, 365 (2008). Because Ramey filed a notice of appeal only with respect to the Rule 60(b) order, we can review the trial court's other orders only if we exercise our discretion to issue a writ of certiorari. N.C. Gen. Stat. § 7A-32.

¶ 17 But, importantly, a "writ of certiorari is not intended as a substitute for a notice of appeal. If this Court routinely allowed a writ of certiorari in every case in which the appellant failed to properly appeal, it would render meaningless the rules governing the time and manner of noticing appeals." *State v. Bishop*, 255 N.C. App. 767, 769, 805 S.E.2d 367, 369 (2017). Although we routinely issue writs of certiorari to review untimely appeals in criminal matters (because of Sixth Amendment concerns), it "is less common for this Court to allow a petition for a writ of certiorari where a litigant failed to timely appeal a civil judgment." *State v. Friend*, 257 N.C. App. 516, 519, 809 S.E.2d 902, 905 (2018). We ordinarily allow such petitions only where "there are wide-reaching issues of justice and liberty at stake" and "the issues

on appeal are meritorious." *Doe v. City of Charlotte*, 273 N.C. App. 10, 23, 848 S.E.2d 1, 11 (2020).

¶ 18        As explained in more detail below, this case does not involve any vital issues of justice or liberty, and it is not apparent from the record that Ramey has any meritorious defenses. Ramey's entire argument on appeal turns on the alleged failure to provide adequate notice of the hearing. Absent some evidence that, with proper notice, the outcome of this proceeding would have been different, we are not persuaded that the notice issue on its own justifies the extraordinary use of certiorari. Moreover, as explained below, Ramey in fact received notice of the hearing more than a week in advance. His argument is not that he had no notice, but that the notice he received is inconsistent with the trial court's rules of practice.

¶ 19        In short, Ramey has not shown sufficient extraordinary circumstances to justify issuance of a writ of certiorari. He is no different from countless other civil litigants whose appeals have been dismissed for failure to timely comply with the jurisdictional requirements of Rule 3 of the Rules of Appellate Procedure. *Bishop*, 255 N.C. App. at 769, 805 S.E.2d at 369. Thus, in our discretion, and in the interests of fairness and uniform application of our extraordinary writs, we deny Ramey's petition for a writ of certiorari and decline to hear his appeal from the summary judgment order and attorneys' fees order. *Dogwood Dev. & Mgmt. Co.*, 362 N.C. at 197, 657 S.E.2d at 365.

## II. Denial of Rule 60 motion

¶ 20    Ramey next argues that the trial court erred in denying his Rule 60 motion for relief from the trial court's judgment. Ramey timely appealed this order and we therefore review it on the merits.

¶ 21    A motion for relief under Rule 60(b) "is addressed to the sound discretion of the trial court and appellate review is limited to determining whether the court abused its discretion." *Sink v. Easter*, 288 N.C. 183, 198, 217 S.E.2d 532, 541 (1975). "Abuse of discretion is shown when the court's decision is manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision." *Brown v. Foremost Affiliated Ins. Servs., Inc.*, 158 N.C. App. 727, 732, 582 S.E.2d 335, 339 (2003).

¶ 22    With respect to the summary judgment order, Ramey contends that he did not receive "requisite notice" of the hearing and that "on a motion as consequential as one for summary judgment" the lack of notice compelled the trial court to grant relief under Rule 60(b).

¶ 23    There are several flaws in this argument. First, the record indicates that Ramey received actual notice of the summary judgment hearing. Ramey acknowledged at the Rule 60(b) hearing that the court sent an email to his counsel notifying him of the hearing, but a staff person who "glanced at it quickly" overlooked that this case was set for a hearing. Moreover, Ramey acknowledges that he received

the motion for summary judgment and notice of hearing from LouEve many months before the hearing date.

¶ 24        Ramey's argument focuses on the fact that the initial hearing date was continued multiple times and, when the trial court ultimately set a final hearing date, Ramey only received eight days' notice. Ramey contends that Rule 2(b) of the General Rules of Practice for the Superior and District Courts, and the trial court's own local rules, requires civil calendars to be published and distributed to parties several weeks in advance of the court date.

¶ 25        Even if we assumed that noncompliance with these general practices is an error—and this is questionable given the interruption of these general calendaring rules during this time period as a result of the COVID pandemic—the record demonstrates that the trial court considered this issue and ultimately concluded that Ramey's notice argument failed to allege the sort of extraordinary circumstances and manifest injustice compelling relief under Rule 60(b)(6). *See Gibby v. Lindsey*, 149 N.C. App. 470, 474, 560 S.E.2d 589, 592 (2002). In short, this case is a classic example of one in which, in the exercise of judicial discretion, reasonable jurists could have differing views about the appropriateness of relief under Rule 60(b). The transcript of the hearing, and the trial court's order, confirm that the court's decision to deny relief was not manifestly arbitrary and was a reasoned, discretionary decision. *Brown*, 158 N.C. App. at 732, 582 S.E.2d at 339. Accordingly, under the narrow

standard of review that this Court must apply, we cannot find error in the trial court's ruling.

¶ 26        With respect to the attorneys' fees award, Ramey makes a different argument. Recognizing the exceedingly high bar for review, Ramey does not assert that the trial court's discretionary decision was manifestly arbitrary or detached from reason. Instead, Ramey contends that the trial court "ruled under a mistaken impression" of law. Specifically, Ramey asserts that the trial court did not apply "the proper legal standards on motion for relief from judgment" because the trial judge hearing the motion deferred too much to the ruling of a previous trial judge, rather than properly exercising independent discretion.

¶ 27        The record does not support this argument. To be sure, the court initially indicated that it would sign an order vacating the attorneys' fees award and then changed positions. But the court did so because LouEve argued that Rule 60 was not the proper vehicle to correct that alleged legal error and, instead, Ramey should have appealed the underlying order to this Court. The trial court agreed and therefore denied the Rule 60 motion:

> THE COURT: Well, if you're calling it a Rule 60B – it's not even a notice issue, though, really. It's more than that. It's not a notice issue.
>
> [RAMEY'S COUNSEL]: Not on the order awarding attorneys' fees. It should be set aside because it's contrary to the law.

> THE COURT: I'll sign that.
>
> [LOUEVE'S COUNSEL]: But, your Honor, that's what appeals are for. That's not what Rule 60s are for. Rule 60 would show that there's some extraordinary condition.
>
> THE COURT: I don't disagree with that. The motions before the court will be denied, and you can do what you're going to have to do. That's all I can do.

¶ 28 This discussion in the hearing transcript demonstrates that the trial court understood the applicable law. This Court has long held that Rule 60(b)(6) motions "are not to be used as a substitute for appeal, and an erroneous judgment cannot be attacked under this clause." *Concrete Supply Co. v. Ramseur Baptist Church*, 95 N.C. App. 658, 660, 383 S.E.2d 222, 223 (1989). Thus, although the trial court indicated that the attorneys' fees order may be erroneous, the court properly exercised its discretion to deny relief from the judgment because the proper mechanism to challenge a legal error by the trial court is to commence an appeal.

¶ 29 We conclude by acknowledging that our application of the narrow standard of review for a Rule 60(b) motion, and our denial of the accompanying petition for a writ of certiorari, mean this Court cannot reach the merits of the summary judgment order at the heart of this case. This is an unfortunate outcome because this Court functions as an error-correcting body whose core role is to review trial court decisions for reversible legal errors.

¶ 30        But the "public, and other jurisdictions that may be called on to recognize our State's court judgments, expect our courts to apply procedural rules uniformly to all litigants who appear before them. Thus, although we recognize that justice is best served when this Court reaches the merits of the underlying issues raised on appeal, we are obligated to enforce" procedural and jurisdictional limits on our appellate review. *Martin v. Pope*, 257 N.C. App. 641, 645–46, 811 S.E.2d 191, 195 (2018). Because Ramey did not appeal the trial court's summary judgment order, our review in this case necessarily is constrained to the trial court's discretionary decision to deny relief from that judgment.

### III.   Motion to dismiss for lack of subject matter jurisdiction

¶ 31        Finally, Ramey argues that the trial court should have granted his motion to dismiss this action for lack of subject matter jurisdiction. Ramey argues that LouEve failed "to prove a landlord-tenant relationship existed" and thus the trial court had no jurisdiction in this summary ejectment proceeding.

¶ 32        As noted above, Ramey never secured a ruling on this motion in the trial court. In most circumstances, this would not be fatal to appellate review because the "question of subject matter jurisdiction may be raised at any time." *Lemmerman v. A.T. Williams Oil Co.*, 318 N.C. 577, 580, 350 S.E.2d 83, 85 (1986). But this particular jurisdictional issue is different. This Court has held that proof of a landlord-tenant relationship between the parties is a requirement for the trial court to exercise

jurisdiction over a summary ejectment action. *Adams v. Woods*, 169 N.C. App. 242, 244, 609 S.E.2d 429, 431 (2005). As a result, this relationship must be proven in order for the plaintiff's remedy to be granted. *Id.* If "the plaintiff fails to prove the existence of a landlord-tenant relationship, the district court lacks jurisdiction to enter judgment in the proceeding." *Id.*

¶ 33        The cases on which Ramey relies involved undisputed evidence that there was no landlord-tenant relationship. *Id.*; *Coll. Heights Credit Union v. Boyd*, 104 N.C. App. 494, 497, 409 S.E.2d 742, 743 (1991). Here, by contrast, the existence of a landlord-tenant relationship is a disputed question of fact. LouEve contends, based on sworn affidavits and other evidence, that Ramey was a tenant of the property; that LouEve, LLC owned the property; that Lou Roman was the manager of LouEve, LLC; and that Ramey entered into a lease agreement with Roman to lease the property from LouEve. Ramey contends that he entered into the lease agreement with Roman personally, not in Roman's role as owner and manager of LouEve.

¶ 34        The trial court could not have resolved this disputed issue of fact at the summary judgment hearing because Ramey did not appear—meaning the court would not have been aware the matter was disputed. But this Court also cannot resolve the question on appeal. It is a long-standing principle of appellate law that appellate courts "cannot find facts." *Duke v. Xylem, Inc.*, 2022-NCCOA-449, ¶ 24. Thus, this particular jurisdictional issue must be addressed to the trial court through

an appropriate motion under Rule 60(b)(4). Accordingly, we decline to address the subject matter jurisdiction issue because disputed factual questions prevent this Court from engaging in meaningful appellate review.

## Conclusion

We dismiss Ramey's appeal from the summary judgment order and attorneys' fees order and affirm the trial court's Rule 60(b) order.

DISMISSED IN PART; AFFIRMED IN PART.

Chief Judge STROUD and Judge ZACHARY concur.